617 A.2d 702

COMMONWEALTH of Pennsylvania, Appellee,

v.

Heather HARNER, a/k/a Heather Williamson, Appellant.

Supreme Court of Pennsylvania.

Argued May 8, 1992.

Decided Nov. 12, 1992.

Colin Kelly Lydon, Asst. Public Defender, for appellant.

Richard A. Lewis, Dist. Atty., Kathy G. Wingert, Richard E. Guida, Gloria J. McPherson, Asst. Dist. Attys., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

Heather Harner (Appellant) pled guilty to two counts of interference with custody of children, 18 Pa.C.S. § 2904(a),[1] after she took her son and daughter, without consultation, from their father's (John Henry Harner's) legal custody in Harrisburg, Pennsylvania, to the State of Louisiana. Following the guilty plea, the Honorable Warren Morgan of the Court of Common Pleas of Dauphin County sentenced Appellant to twelve months probation. The court also ordered payment of restitution to the father. The restitution order sought to return to the father amounts expended for "private investigators, trying to locate his children, for legal fees, within Louisiana and Pennsylvania, and for expenses for trips to Louisiana."

On appeal, the Superior Court vacated the restitution order because it included attorney's fees, and remanded the case for the sentencing court to determine Petitioner's ability to pay restitution. *Commonwealth v. Harner,* 402 Pa.Superior Ct. 472, 587 A.2d 347 (1991). Both Appellant and the Commonwealth sought further review in this Court and we granted their petitions for allowance of appeal to determine if the trial

---

1. 18 Pa.C.S. § 2904(a) provides:

A person commits an offense if he knowingly or recklessly takes or entices any child under the age of 18 years from the custody of its parent, guardian or other lawful custodian, when he has no privilege to do so.

court exceeded its authority in directing one parent to reimburse another parent the expenses incurred for attorneys, lodging, travel and private investigators, while searching for his children when the other parent is convicted under 18 Pa.C.S. § 2904. For the following reasons we reverse the order of the Superior Court, vacate the judgment of sentence, and remand for proceedings consistent with this opinion.

It is generally agreed that restitution is a creature of statute and, without express legislative direction, a court is powerless to direct a defendant to make restitution as part of a sentence. *Commonwealth v. Walton*, 483 Pa. 588, 397 A.2d 1179 (1979). We have also indicated that an order placing a defendant on probation must be regarded as punishment for double jeopardy purposes and that where restitution is imposed in addition to a statutory punishment, such as imprisonment, the order must be strictly scrutinized since its purpose is primarily punitive. *Walton*, at 598, 397 A.2d at 1184.

As a direct sentence, restitution is authorized by § 1106 of the Crimes Code, Act of June 18, 1976, P.L. 394, No. 86, § 1, as amended, Act of April 28, 1978, P.L. 202, No. 53, § 7(5), effective June 27, 1978, 18 Pa.C.S. § 1106, and provides in pertinent part:

(a) General rule.—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, *the offender may be sentenced to make restitution in addition to the punishment prescribed therefor.* (Emphasis added.)

(b) Condition of probation or parole.—Whenever restitution has been ordered pursuant to subsection (a) and the offender has been placed on probation or parole, his compliance with such order may be made a condition of such probation or parole.

(c) Authority of sentencing court.—In determining whether to order restitution as a part of the sentence or as a condition of probation or parole, the court:

(1) shall consider the extent of injury suffered by the victim and such other matters as it deems appropriate.

(2) may order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just, provided that the period of time during which the offender is ordered to make restitution shall not exceed the maximum term of imprisonment to which the offender could have been sentenced for the crime of which he was convicted.

The parties both argue to us the interpretation and reach of 18 Pa.C.S. § 1106(a) to this case which seems to be an implicit acknowledgment on their part that the sentencing court imposed its order of restitution as a sentence, although the trial court did not so indicate in its opinion. As the trial court explained:

We sentenced the defendant to twelve months probation and ordered her to pay restitution in the amount of $14,351.48 plus the costs of extradition.... The restitution amount included moneys expended by the defendant's ex-husband for private investigators, trying to locate his children, for legal fees, within Louisiana and Pennsylvania, and for expenses for trips to Louisiana. Thus, all of the incurred costs stemmed from the charges. Furthermore, as we stressed at the time of imposition, it was important for the defendant to understand that the proper forum for challenging the PA custody order was the PA courts and that absconding with the children was an extremely costly, serious, and inappropriate action. (Trial Court Opinion, pp. 1–2)

Unfortunately, the trial court does not state whether it was ordering the restitution as a way to rehabilitate Appellant or as a punishment and, therefore, it is not clear whether the restitution order is a part of the sentence. The order is also lacking in that no time frame for repayment is mentioned nor has there been any consideration as to Appellant's ability to repay. Finally, there is no discussion whether 18 Pa.C.S. § 1106 is applicable when a defendant is convicted of the type of crime involved here.

Appellant argues that the award of restitution for incidental expenses incurred by a father in searching for his children is not appropriate under this statute because she was not convicted for a crime which holds her responsible for these losses and furthermore, she argues that restitution is only awardable under this section in cases where property has been stolen or where the victim has sustained direct loss or physical injury as part of the criminal transaction of interfering with the custody of the children. Property is defined as "any real or personal property, including currency and negotiable instruments, of the victim" (18 Pa.C.S. § 1106). Since her children are persons and not property, Appellant argues that no "loss" was sustained and the restitution provisions of 18 Pa.C.S. § 1106 have no applicability.

The Superior Court rejected this interpretation of the statute and determined that in applying the provisions of 18 Pa.C.S. § 1106 a direct physical loss could be established where, but for the actions of the actor, the assets or property in question would not have been depleted. As applied to Mr. Harner, the Superior Court noted that he would not have been put in the position of spending $14,000.00 but for the actions of Appellant and, accordingly, concluded that the sentencing court could properly impose restitution for his losses under this statute. We disagree.

Because this section imposes restitution as part of a sentence, its penal character must not be overlooked and it would seem to us that restitution can be permitted under 18 Pa.C.S. § 1106 only as to losses for which the defendant has been held criminally accountable. This is in keeping with the well established principle that criminal statutes must be strictly construed. See 1 Pa.C.S. § 1928(b)(1); *Commonwealth v. Driscoll*, 485 Pa. 99, 401 A.2d 312 (1979); *Commonwealth v. Fisher*, 485 Pa. 8, 400 A.2d 1284 (1979); *Commonwealth v. Glover*, 397 Pa. 543, 156 A.2d 114 (1955).

In fact, the very words of the statute provide that it is applicable only upon conviction for a crime wherein property has been stolen, converted, unlawfully obtained or its value

substantially decreased, or where the victim suffers personal injury directly resulting from a crime. No such crime has been committed here by Appellant. Unless the incidental costs Mr. Harner expended to locate his children have been made part of a criminal proceeding for which Appellant was convicted, it seems dubious to us that due process would permit a court to determine that these are losses that can be passed on to Appellant, as a sentence, under a theory that they flowed as a direct result of the crime for which Appellant was convicted.

To avoid the clear language of the statute, both the Superior Court and the Commonwealth incorrectly include the assets of the father as the property which had "its value substantially decreased as a direct result of the crime" in an attempt to make it appear that Mr. Harner's loss was a direct result of Appellant's conduct. We believe that this is a strained reading of an otherwise straightforward statute which is directed at giving the trial court the ability to sentence a defendant for the damage caused by him in the commission of a crime. Thus, where one steals an automobile valued at $15,000 and during a high speed chase is involved in a wreck which damages the auto, reducing its value to $5,000, it would be appropriate, in addition to incarceration, upon conviction for theft, to require the defendant to pay the victim $10,000 for the loss of value to the auto. It is impossible to separate the actions of the theft from the damage done to the car and in this sense the decrease in value to the car is a direct result of the crime. Here, it is possible to separate Appellant's criminal conduct from the acts Mr. Harner engaged in to recover his children and it would seem to us that for that reason alone, Section 1106 would not be available to a sentencing court in deciding whether restitution is an appropriate alternative to incarceration.

When language of a statute is clear and unambiguous, it must be given effect in accordance with its plain and common meaning. *Commonwealth v. Larkin*, 518 Pa. 225, 232–233, 542 A.2d 1324, 1328 (1988); *Commonwealth v. Bell*, 512 Pa. 334, 339–340, 516 A.2d 1172, 1175 (1986); Statutory

Construction Act 1 Pa.C.S. § 1921(b). See also 18 Pa.C.S. § 105 (provisions of the Crimes Code (Title 18) are to be construed according to the fair import of their terms). We believe that this statute is clear on its face and applies only for those crimes to property or person where there has been a loss that flows from the conduct which forms the basis of the crime for which a defendant is held criminally accountable. Since Appellant was not convicted of such a crime, 18 Pa.C.S. § 1106 is inapplicable.[2]

While we conclude that 18 Pa.C.S. § 1106 does not authorize restitution upon conviction of tampering with custody rights, that does not mean that the actions of the sentencing court are a nullity for we may still affirm the sentencing court if there was any source of authority for the judgment of sentence—even if the source was not suggested to or known by the lower court at the time of sentencing. *Commonwealth v. Walton, supra.*

Restitution may also be imposed as a condition of probation and, under such circumstances, the courts are traditionally and properly vested with a broader measure of discretion in fashioning conditions of probation appropriate to the circumstances of the individual case. The reason for this attitude stems from the purpose of imposing conditions of probation

**2.** The Commonwealth has also argued that attorney's fees are recoverable under 18 Pa.C.S. § 1106(a) on the theory that the legal fees incurred by the victims' father were directly caused by the illegal action of the mother and cannot be separated from the other expenditures incurred.

The Superior Court rejected this argument, noting that the statute makes no specific reference for the award of legal fees and applied the settled rule that attorneys' fees are recoverable from an adverse party to a cause *only* when provided for by statute, or when clearly agreed to by the parties. *Department of Transportation v. Manor Mines, Inc.*, 523 Pa. 112, 122, 565 A.2d 428, 433 (1989). See also, *Chatham Communications, Inc. v. General Press Corp.*, 463 Pa. 292, 344 A.2d 837 (1975). *In re Kling*, 433 Pa. 118, 249 A.2d 552 (1969). *Shapiro v. Magaziner*, 418 Pa. 278, 210 A.2d 890 (1965). *Drummond v. Drummond*, 414 Pa. 548, 200 A.2d 887 (1964). *Fidelity–Philadelphia Trust Co. v. Philadelphia Transit Co.*, 404 Pa. 541, 173 A.2d 109 (1961). We agree. Since this statute makes no specific provision for the award of counsel fees, it would be inappropriate to read such a provision into the statute and an award of attorneys' fees under this statute would be inappropriate.

which are primarily aimed at rehabilitating and reintegrating a law breaker into society as a law-abiding citizen. This is deemed a constructive alternative to imprisonment. *Walton,* 483 Pa. at 598, 397 A.2d at 1184.

Statutory authority for imposing restitution as a condition of probation is found at § 9754 of the Sentencing Code, Act of December 30, 1974, P.L. 1052, No. 345, § 1, 42 Pa.C.S. § 9754, which provides:

> (a) General Rule.—In imposing an order of probation the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, which term may not exceed the maximum term for which the defendant could be confined, and the authority that shall conduct the supervision.
>
> (b) Conditions generally.—The court shall attach such of the reasonable conditions authorized by subsection (c) of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life.
>
> (c) Specific conditions.—The court may as a condition of its order require the defendant:
>
> .     .     .     .     .
>
> (8) To make restitution of the fruits of his crime or to make reparations, in an amount he can afford to pay, for the loss or damage caused thereby.

As we noted in *Walton,* the practice of ordering restitution or reparation as such a condition is widely established and highly favored in the law, as an aid both to the criminal in achieving rehabilitation and to his victim in obtaining some measure of redress. *Id.* at 599, 397 A.2d at 1185.

■ Such sentences are encouraged and give the trial court the flexibility to determine all the direct and indirect damages caused by a defendant and then permit the court to order restitution so that the defendant will understand the egregiousness of his conduct, be deterred from repeating this conduct, and be encouraged to live in a responsible way. The trial court indicated so much as its raison d'etre in imposing

restitution and we are persuaded that its intent was to impose restitution as a constructive alternative to imprisonment.

■ Therefore, its order is supportable as a condition of parole or probation. It is, however, the lower court's obligation to determine what loss or damage has been caused[3], and what amount of restitution Appellant can afford to pay, and how it should be paid. Since these considerations are not a part of the record, we reverse the order of the Superior Court, vacate the judgment of sentence and remand the matter to the trial court for resentencing consistent with this opinion.

LARSEN, J., did not participate in the consideration or decision of this case.

McDERMOTT, Former Justice, did not participate in the decision of this case.

---

3. We do note that consistent with the broader discretion granted to a sentencing court that choses to impose restitution as a condition of parole, 42 Pa.C.S. § 9754(c)(8) vests the court with an equally broad power to determine what the fruits of the crime are. This is considerably different than the language of 18 Pa.C.S. § 1106 which permits restitution only for losses that are a direct result of the crime. The more liberal language of § 9754(c)(8) is understandable given the purposes of rehabilitation and can encompass all the types of claims Mr. Harner presented, as long as the trial court is satisfied that restitution is being ordered so that the Appellant will understand the cruelty of her conduct, be deterred from repeating the conduct, be encouraged to live in a responsible manner, and be able to pay these costs.