J-A31035-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NORMA JEAN HOLMES | |
| Appellant | No. 305 MDA 2014 |

Appeal from the Order dated January 21, 2014
In the Court of Common Pleas of the 39th Judicial District
Fulton County Branch
Criminal Division at No: CP-29-CR-0000103-2012

BEFORE:  BOWES, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED FEBRUARY 18, 2015**

Appellant Norma Jean Holmes appeals from the January 21, 2014 order of the Court of Common Pleas of the 39th Judicial District, Fulton County Branch (trial court), which affirmed its prior order denying Appellant's request to modify the amount of restitution imposed at sentencing.  For the reasons set forth below, we reverse the trial court's January 21, 2014 order and remand this matter to the trial court for further proceedings.

The facts and procedural history in this case are uncontroverted.  On December 2, 2011, Trooper Roger Sheffield of the Pennsylvania State Police charged Appellant with, *inter alia*, recklessly endangering another person (REAP) under Section 2705 of the Crimes Code, which provides "[a] person commits a misdemeanor of the second degree if he recklessly engages in

conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705. In the complaint, Trooper Sheffield alleged:

> [Appellant] . . . recklessly engage[d] in conduct which placed or may have placed [the victim] (Bryan S. Nave and all other drivers on the highway) in danger of death or serious bodily injury, that is to say [Appellant] . . . permit[ted] [the victim] to drive her vehicle knowing that he consume[d] at least 10 mixed drinks/beers[], in violation of Section 2705[.]

Criminal Complaint, 12/28/11, at 2. Moreover, in his affidavit of probable cause accompanying the complaint, Trooper Sheffield alleged:

> On 11/20/2011 at approx. 2015 hours, [Appellant] and [the victim] . . . stopped at the Greencastle American Legion for an alcoholic bevarage [sic] with [Appellant]. [Appellant] and [the victim] agreed to go to the Log Cabin Bar in Hancock, Maryland. While enroute [sic] to bar [the victim] stopped at a Liquor Store in Greencastle and purchased a pint of Captain Morgan Rum. [Appellant] made a mixed drink for both of them in the car while in the parking lot of the liquir [sic] Store. [The victim] then drove [Appellant] to the Log Cabin bar in [Appellant's] 2000 Chevrolet Cavalier. [Appellant] stated "[the victim] drank shot after shot after shot of whiskey while at the bar." [Appellant] stated [the victim] consumed approx. 10 plus drinks while at the bar. At approx. 0100 hours on 11/20/11 [the victim] and [Appellant] left the bar together in [Appellant's] car. [The victim] drove the car after consuming numerous mixed drinks. [The victim] was traveling west on S[R] 70 at [mile marker number] 158 [at] 0135 hours while not licensed and lost control of the vehicle. [The victim] was killed in the accident.

Affidavit of Probable Cause, 12/28/11.

On October 9, 2012, Appellant pleaded *nolo contendere* to the charge of REAP and the Commonwealth *nolle prossed* the remaining charges. On November 6, 2012, the trial court sentenced Appellant to twenty-four months' probation and imposed upon her restitution for $12,794.50 in funeral expenses to be paid to the victim's parents, Joseph and Laura Nave. On July 31, 2013, Appellant filed a "Motion for Restitution Hearing."

- 2 -

Appellant attached to the motion a "Stipulation of Fact in Lieu of Hearing," which incorporated the December 21, 2011 witness statement form, and the December 21, 2011, noncustodial written statement form filled out by Appellant. In the December 21, 2011, noncustodial written statement, Appellant recalled that she told the victim that she did not drink and drive because she did not want to risk losing her commercial driver's license. Noncustodial Written Statement, 12/21/11, at 2.

In the motion, Appellant essentially asserted she should not have to pay restitution to the victim's parents, because the victim himself caused the accident and, as a result, his own death by operating the vehicle under the influence of alcohol. Motion for Restitution Hearing, 7/31/13, at ¶ 11. Moreover, Appellant asserted that had the victim survived, he would have been ineligible for compensation under the Crime Victims Act (Act).[1] To support this assertion, Appellant referred to a letter, dated October 26, 2012, authored by the Fulton County Victim Services Coordinator, Carolyn Kerlin, which in part provided:

> The question of who was driving the vehicle is not being considered by th[e] [trial] court as it is not a Driving Under the Influence case. However, if a Victim Compensation Claim were filed, there is no doubt in my mind that [the Victim Compensation Assistance Program (VCAP)[2]] would view it as a

---

[1] Act of November 24, 1998, P.L. 882, **as amended**, 18 P.S. §§ 11.101-.5102.

[2] VCAP is the programmatic entity that considers claims for compensation and distributes compensation when a claim under Chapter 7 of the Act, 18 P.S. §§ 11.701–.710, which establishes an administrative mechanism for compensating victims of crime, is approved.

DUI case when determining [the victim's] eligibility for compensation. In making my recommendation for restitution I have inquired of [VCAP] as to how they might proceed if a claim were filed. Their answer includes the following: "If the victim was driving, or the evidence seems to support that he was, then the claim would be denied since he was driving a vehicle while intoxicated, which is against the law and directly caused his death. However, if [VCAP] would decide a preponderance of the evidence suggests that he was not driving, we would, most likely, assess 25% for knowingly and willingly getting into a car driven by a driver who was under the influence. To make that decision, [VCAP] would look at the police report and most likely reach out and speak to the investigating offer, then weigh all the evidence."

Fulton County Victim Services Letter, 10/26/12, at 1-2. Based on the foregoing assertions, Appellant claimed "[j]ust as [the victim] could not, neither his estate nor his Personal Representatives should receive compensation for [the victim's] own criminal conduct." Motion for Restitution Hearing, 7/31/13, at ¶ 12.

On October 29, 2013, the trial court issued an order, denying Appellant's request to modify, *i.e.*, to dispense with, the restitution imposed. In so doing, the trial court noted it imposed restitution under Section 1106(a) of the Crimes Code[3] and Section 9754(c)(8) of the Sentencing Code.[4] *See* Trial Court Order, 10/29/13 ("Even if the sentence of probation did not rise to the level of direct causation, the restitution would easily fall under the standard of restitution as condition of [Appellant's] probation."). Section 1106 of the Crimes Code provides in pertinent part:

---

[3] Act of June 18, 1976, P.L. 394, *as amended*, 18 Pa.C.S.A. § 1106(a).

[4] Act of December 30, 1974, P.L. 1052, *as amended*, 42 Pa.C.S.A. § 9754(c)(8).

**(a) General rule.--**Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased *as a direct result of the crime*, or wherein the victim **suffered personal injury directly resulting from the crime, the offender shall be sentenced** to make restitution in addition to the punishment prescribed therefor.

. . . .

**(c) Mandatory restitution.--**

(1) The court **shall order** full restitution:

(i) **Regardless of the current financial resources of the defendant**, so as to provide the victim with the fullest compensation for the loss. . . .

(ii) If restitution to more than one person is set at the same time, the court shall set priorities of payment. However, when establishing priorities, the court shall order payment in the following order:

(A) The victim.

(B) The Crime Victim's Compensation Board.

(C) Any other government agency which has provided reimbursement to the victim as a result of the defendant's criminal conduct.

(D) Any insurance company which has provided reimbursement to the victim as a result of the defendant's criminal conduct.

(2) At the time of sentencing the court **shall specify the amount and method of restitution**. In determining the amount and method of restitution, the court:

(i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.

(ii) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.

(iii) Shall not order incarceration of a defendant for failure to pay restitution if the failure results from the offender's inability to pay.

(iv) Shall consider any other preexisting orders imposed on the defendant, including, but not limited to, orders imposed under this title or any other title.

. . . .

(h) **Definitions.--**As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

"**Crime.**" Any offense punishable under this title or by a magisterial district judge.

"**Injury to property.**" Loss of real or personal property, including negotiable instruments, or decrease in its value, directly resulting from the crime.

"**Offender.**" Any person who has been found guilty of any crime.

"**Personal injury.**" Actual bodily harm, including pregnancy, directly resulting from the crime.

. . . .

"**Victim.**" . . . The term includes the Crime Victim's Compensation Fund if compensation has been paid by the Crime Victim's Compensation Fund to the victim and any insurance company that has compensated the victim for loss under an insurance contract.

18 Pa.C.S.A. § 1106(a), (c), (h) (emphasis added).

Section 9754 of the Sentencing Code, relating to an order of probation, provides in part:

**(c) Specific conditions.--**The court may as a condition of its order require the defendant:

. . . .

(8) To make restitution of the fruits of his crime or to make reparations, in an amount *he can afford to pay*, for the loss or damage caused thereby.

42 Pa.C.S.A. § 9754(c)(8) (emphasis added).

On November 21, 2013, Appellant filed an "Application for Reconsideration of the [Trial] Court's October 29, 2013 Order Denying Request for Modification of Restitution." In asking the court to reconsider its October 29, 2013 order, Appellant repeated her assertion that the victim's death was caused by his own actions, *i.e.*, operating the vehicle under the influence of alcohol, as opposed to Appellant's conduct, *i.e.*, giving the victim permission to operate the vehicle. Moreover, Appellant argued that the trial court did not impose restitution as a condition of probation under Section

9754(c)(8), as evidenced by the lack of specificity in the written sentencing order. Finally, Appellant argued in the event restitution was proper under Section 1106(a), then the trial court "may be required to apportion the victim's damages if [Appellant] was not the sole cause of the victim's injuries." Reconsideration Motion, 11/21/13, at ¶ 14. In this regard, Appellant argued "[t]he record does not support the determination that [Appellant's] actions were the sole or direct cause of [the victim's] death." *Id.* at ¶ 15.

On November 26, 2013, the trial court granted Appellant's reconsideration motion. On January 21, 2014, the trial court issued an order affirming its October 29, 2014 order. In so affirming, the trial court specifically disagreed with Appellant's assertion that the court did not impose restitution as a condition of probation. The trial court noted:

> After review of the [o]rder of November 6, 2012, we conclude that [o]rder specifically calls for a 24 month sentence of probation and language requiring [Appellant] to pay restitution in the amount of $12,794.50 to Joseph and Laura Nave. It is of no consequence that the directive to pay restitution did not fit into the special conditions section of the formatted [written] sentencing order. The [o]rder clearly directs restitution as a condition of probation.

Trial Court Order, 1/21/14, at ¶ 4. The trial court also concluded that the issue of apportionment of restitution was waived by Appellant, because she raised it for the first time in her reconsideration motion. *See id.* at ¶ 2.

Appellant filed a timely appeal to this Court. Following Appellant's filing of a Pa.R.A.P. 1925(b) statement, the trial court issued a Pa.R.A.P. 1925(a) opinion on April 28, 2014. In its Rule 1925(a) opinion, the trial

court first addressed Appellant's assertion that her conduct was not the direct cause of the victim's death and, as a result, the imposition of restitution under Section 1106(a) was in error. Disagreeing with Appellant, the trial court observed:

> In the instant matter, [Appellant] recklessly endangered the victim by allowing the victim to drive [Appellant's] vehicle after [the victim had] consum[ed] numerous alcoholic beverages. Recklessness is defined as a conscious disregard of a known risk of death or great bodily harm to another person. Because [Appellant] knew that the victim had consumed numerous alcoholic beverages, she disregarded a known risk of death or great bodily harm to the victim by allowing him to drive while intoxicated. As a direct result of her conscious disregard of the known risk of death or great bodily harm caused by driving while under the influence, the victim died. Therefore, the loss in the instant matter, the funeral costs and expenses of the victim, were the direct result of [Appellant's] reckless endangerment of another person.

Trial Court Opinion, 4/28/14, at 3 (internal citations omitted).

The trial court also reiterated its disagreement with Appellant's assertion that the court did not impose restitution as a condition of probation under Section 9754(c)(8) of the Sentencing Code. Specifically, the trial court pointed to the sentencing transcript to demonstrate that it indeed had imposed restitution as a condition of probation. According to the trial court, restitution in this case satisfied both Section 1106(a) of the Crimes Code and Section 9754(c)(8) of the Sentencing Code.

Lastly, the trial court addressed Appellant's contention that it erred in failing to assess her ability to pay under Section 9754(c)(8). Disagreeing with Appellant's contention, the trial court noted that under Pa.R.Crim.P. 706 and **Commonwealth v. Childs**, 63 A.3d 323, 326 (Pa. Super. 2013), it was

- 8 -

not required to assess Appellant's ability to pay prior to imposing restitution as a condition of probation. Trial Court Opinion, 4/28/14, at 5.

On appeal,[5] Appellant raises four issues for our review.[6] First, Appellant argues the trial court erred in imposing restitution as a direct sentence under Section 1106(a) of the Crimes Code because Appellant's criminal conduct was not the direct cause of the victim's death. Second, Appellant argues the trial court erred in failing to apportion the amount of

---

[5] It is firmly established that questions implicating the trial court's authority to impose restitution concern the legality of sentence and, as such, pose questions of law over which we exercise plenary review. *Commonwealth v. Hall*, 80 A.3d 1204, 1212 (Pa. 2013).

[6] Appellant framed the issues in her brief as follows:

1. Did the court err by finding that restitution was imposed as a condition of probation and applying an indirect causation standard under [Section 9754(c)(8)] when the sentencing proceedings did not indicate that it was a condition of probation and the court did not make a determination regarding what loss had been caused by [Appellant] and/or the amount [Appellant] could afford to pay?

2. If restitution was ordered as a condition of probation, did the court err by failing to make a determination under [Section 9754(c)(8)] regarding the loss or damage caused by [Appellant] or assess [Appellant's] ability to pay restitution?

3. Did the court err by finding that restitution was proper as a direct sentence under [Section 1106(a)] when the funeral and memorial costs for the victim, on which the restitution was based, were not the direct result of [Appellant's] reckless endangerment of the victim and [Appellant] was not held criminally liable for causing the accident in which the victim was killed?

4. Did the court err when it failed to consider the extent of the victim's injury and the damage caused by [Appellant's] conduct and to apportion restitution when [Appellant's] actions were not the sole cause of the victim's injuries?

Appellant's Brief at 8-9.

restitution imposed under Section 1106(a), because Appellant's criminal conduct was not the sole cause of the victim's death.  Third, Appellant argues that, contrary to the trial court's claim, it did not impose restitution as a condition of probation under Section 9754(c)(8) of the Sentencing Code.  Finally, Appellant argues, to the extent restitution was ordered under Section 9754(c)(8), the trial court erred in complying with the requirements of Section 9754(c)(8) when it failed to determine the loss caused by Appellant's actions and assess Appellant's ability to pay restitution. Appellant's Brief at 8-9.

"It is generally agreed that restitution is a creature of statute and, without express legislative direction, a court is powerless to direct a defendant to make restitution as part of a sentence." *Commonwealth v. Harner*, 617 A.2d 702, 704 (Pa. 1992) (citation omitted); *see also Commonwealth v. Barger*, 956 A.2d 458, 464 (Pa. Super. 2008) (noting for a court to impose a sentence of restitution, it must have statutory authority to do so), *appeal denied*, 980 A.2d 109 (Pa. 2009).  Restitution may be imposed in several situations, including, as applied in this case, as part of a direct sentence under Section 1106(a) of the Crimes Code, or as a condition of probation under Section 9754(c)(8) of the Sentencing Code.[7]

---

[7] Other settings also permit the imposition of restitution, including as a condition of parole, 18 Pa.C.S.A. § 1106(b), as a condition of intermediate punishment, 42 Pa.C.S.A. § 9763(b)(10), or as an order by the magisterial district judge, 18 Pa.C.S.A. § 1106(d).

The importance of the differences between the statutory authorities is that restitution imposed under Section 1106 requires "a direct causal connection between the crime and the loss." *Commonwealth v. Harriott*, 919 A.2d 234, 238 (Pa. Super. 2007), *appeal denied*, 934 A.2d 72 (Pa. 2007). In contrast, restitution imposed as a condition of probation does not require a "direct nexus between [the] offense and [the] loss . . . . [A]n indirect connection between the criminal activity and the loss is sufficient." *Id.*

Although restitution is penal in nature, it is highly favored in the law and is encouraged so that the defendant will understand the egregiousness of her conduct, be deterred from repeating her conduct, and be encouraged to live in a responsible way. *See Commonwealth v. Brown*, 981 A.2d 893, 895-96 (Pa. 2009) (internal citation omitted). It is settled, therefore, that the "primary purpose of restitution is rehabilitation of the offender by impressing upon [her] that [her] criminal conduct caused the victim's loss or personal injury and that it is [her] responsibility to repair the loss or injury as far as possible." *Id.* at 895; *accord Commonwealth v. Kinnan*, 71 A.3d 983, 986 (Pa. Super. 2013) (citation omitted).

We now turn to Appellant's first argument that, under Section 1106(a), the direct cause of the victim's death was his operating the vehicle under the influence of alcohol and not Appellant's criminal conduct. We need not address this issue, because even if Appellant's first argument is valid, the trial court lacked the authority to award restitution to the victim's parents under Section 1106(a) of the Crimes Code. It is well-settled that

"[t]he mandatory payment of restitution pursuant to Section 1106 . . . is limited to the **direct victim** and **not to third parties**, including family members, who shoulder the burden of the victim's losses." **Commonwealth v. Langston**, 904 A.2d 917, 924 (Pa. Super. 2006) (citation omitted) (emphasis added). The **Langston** court noted that "the decedent's son . . . was not a 'direct victim' of the crime entitled to restitution under Section 1106[,]" because Section 1106 "requires that a victim's loss be caused directly by a defendant's criminal conduct rather than a loss consequential to such conduct." **Id.** at 923. We further noted that although the son "was *in utero* at the time of the accident, there was no evidence presented that he suffered any physical injuries as a result of appellant's [criminal] conduct." **Id.** In **Hall**, our Supreme Court observed that a restitution award to the homicide victim's children was improper because they did not meet the narrow definition of victim under Section 1106. **Hall**, 80 A.3d at 1213-14. The court also observed the trial court could have awarded restitution only to the victim or his estate, which, as the record evidence revealed, was never established in that case. **Hall**, 80 A.3d at 1213 (observing that "[i]n this case involving a homicide, obviously, the victim himself is deceased and cannot receive restitution. There is no indication that an estate was ever established on behalf of the victim, which could theoretically receive an award of restitution directed to the victim himself."). Here, consistent with **Langston** and **Hall**, we conclude the victim's parents do not qualify as victims under Section 1106(a) of the

Crimes Code. Accordingly, the trial court erred in imposing restitution (for funeral) upon Appellant as a direct sentence under Section 1106(a).

We need not address Appellant's second argument. As stated earlier, Appellant argues the trial court erred in failing to apportion the amount of restitution imposed under Section 1106(a), because her criminal conduct was not the sole cause of the victim's death. Appellant's Brief at 25-27. Based on our conclusion that the trial court did not have authority to order restitution under 1106(a) of the Crimes Code, we need not address the merits of this apportionment argument. Likewise, we need not address whether Appellant preserved this argument when she raised it for the first time in her reconsideration motion.

We next turn to Appellant's third argument that the trial court did not impose restitution as a condition of probation under Section 9754(c)(8) of the Sentencing Code. In particular, Appellant argues, and the Commonwealth agrees, that the trial court ordered restitution only under Section 1106(a), because the written sentencing order does not specifically indicate that restitution in this case was issued as a condition of probation under Section 9754(c)(8). We disagree.

First, contrary to Appellant's argument that the restitution at issue is not a condition of probation, the trial court expressly noted, *inter alia*, in its October 29, 2013 order that restitution in the matter *sub judice* "would easily fall under the standard of restitution as condition of [Appellant's] probation." Trial Court Order, 10/29/13, at 3. Second, we observe the

- 13 -

written sentencing order form at issue here is poorly formatted. The order form separates special conditions from financial obligations, which include restitution, court costs, and fines. In its order affirming its October 29, 2013 order, the trial court recognized this formatting issue. *See* Trial Court Order, 1/21/14, at ¶ 4 ("It is of no consequence that the directive to pay restitution did not fit into the special conditions section of the formatted [written] sentencing order. The [o]rder clearly directs restitution as a condition of probation."). Finally, the trial court's statements at sentencing support its conclusion that restitution was ordered as a condition of probation under Section 9754(c)(8). *See* Trial Court Order, 1/21/14, at 4; Trial Court Rule 1925(a) Opinion, 4/28/14, at 5. At sentencing, the trial court stated:

> You're placed on probation for a period of 24 months, pay the court costs, pay $200 to the Fulton County Law Library. You'll undergo a drug and alcohol assessment and follow any recommendations for treatment, 50 hours of community service. You may not consume alcohol or any controlled substance and you'll subject to random testing to insure compliance with that condition. You'll pay the restitution as determined by the district attorney and, of course, there's an issue with that that the courts with deal with at some point, and finally you have a supervision fee of $25 per month to defray the cost of the supervision that the court has ordered in this case.

N.T. Sentencing, 11/5/12, at 9-10. As the sentencing transcript indicates, the court sentenced Appellant to 24 months' probation, and *immediately thereafter*, the court listed the conditions of Appellant's probation, which included the restitution at issue. Accordingly, when we consider the trial court's October 29, 2013 and January 21, 2014 orders, its Rule 1925(a)

- 14 -

opinion, the written sentencing order, and the sentencing transcript, we find no basis upon which to disagree with the trial court's claim that it imposed restitution upon Appellant as a condition of probation under Section 9754(c)(8). *Cf. Commonwealth v. Popow*, 844 A.2d 13, 19-20 (Pa. Super. 2004) (noting that the language of the oral sentence did not indicate that the trial court ordered restitution under Section 9754(c)(8)).

We now address Appellant's fourth and final argument that, if Section 9754(c)(8) applies *sub judice*, the trial court erred in complying with the requirements of Section 9754(c)(8) when it failed to assess Appellant's ability to pay restitution. We agree. As we have explained:

> When restitution is imposed as a condition of probation under Section 9754, the required nexus between the defendant's criminal conduct and the victim's loss is relaxed. However, there must be at least an indirect connection between the criminal activity and the loss. Additionally, "to the extent a sentence of probation is imposed to make restitution for losses caused by the defendant's criminal conduct, there should be proof of the damages suffered." Finally, where a sentencing court imposes restitution as a probationary condition, subsection 9754(c)(8) obligates the court to determine what loss or damage has been caused and *what amount of restitution the defendant can afford to pay*.

*Kinnan*, 71 A.3d at 987 (emphasis added); *see Harner*, 617 A.2d at 707 (noting that under Section 9754, the sentencing court has an obligation to "determine what loss or damage has been caused, and what amount of restitution [the defendant] can afford to pay, and how it should be paid").

Our review of the record here does not indicate that the trial court complied with the requirements of Section 9754(c)(8). The trial court did not determine on the record whether Appellant was able to pay the amount

of restitution imposed.  *See Commonwealth v. Karth*, 994 A.2d 606, 608 (Pa. Super. 2010) (noting that under Section 9754(c)(8) restitution is to be imposed only in an amount the defendant can afford to pay) (quotation marks and citation omitted).

As noted above, the trial court relied on Rule 706 or *Childs* to support its decision not to assess Appellant's ability to pay under Section 9754(c)(8) prior to imposing restitution.  Such reliance, however, is misplaced.  First, Rule 706 does not apply to orders of restitution, but *pertains only* to fines and costs.  Second, in *Childs*, the appellant did not challenge the amount of restitution and restitution was not an issue on appeal.  As this Court noted, "[a]ppellant does not contest the amount that he was ordered to pay in restitution or fines.  Instead, [a]ppellant argues that the trial court is required to hold a hearing to determine a defendant's ability to pay *costs*, prior to imposing *such costs*."  *Childs*, 63 A.3d at 325 (emphasis added). Thus, applying Rule 706, we determined the trial court did not err in denying appellant a hearing on his ability to pay costs.  *Id.* at 326.  We reasoned:

> Generally, a defendant is not entitled to a pre-sentencing hearing on his or her ability to pay costs.  *Commonwealth v. Hernandez*, 917 A.2d 332, 336–37 (Pa. Super. 2007). While Rule 706 "**permits** a defendant to demonstrate financial inability either after a default hearing or when costs are initially ordered to be paid in installments," the Rule only **requires** such a hearing prior to any order directing incarceration for failure to pay the ordered costs.  *Id.* at 337.

*Id.* (emphasis in original).  Accordingly, the trial court's reliance on Rule 706 and *Childs* is inapposite in the instant matter.  To reiterate, Section

9754(c)(8), which is at issue here, clearly requires a court to assess a defendant's ability to pay prior to imposing restitution.

In sum, based on our conclusions above, we reverse the trial court's January 21, 2014, order and remand this matter to the court to vacate its November 5, 2012 restitution order and to conduct a new sentencing hearing, consistent with this decision, limited to an assessment of Appellant's ability to pay the restitution imposed under Section 9754(c)(8) of the Sentencing Code.

Order reversed. Cased remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2015