J-A18001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MALACHI THOMAS | |
| Appellant | No. 3601 EDA 2017 |

Appeal from the Judgment of Sentence Entered September 6, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0007749-2016

BEFORE: STABILE, J., STEVENS, P.J.E.[*], and STRASSBURGER, J.[**]

MEMORANDUM BY STABILE, J.:                **FILED DECEMBER 31, 2018**

Appellant, Malachi Thomas, appeals from the September 6, 2017 judgment of sentence imposing four to twelve months of incarceration followed by an aggregate five years of probation for simple assault, recklessly endangering another person ("REAP"), and two counts of conspiracy.[1] The trial court also ordered Appellant to pay restitution of $167,082.96. We affirm.

The trial court recited the pertinent facts in its Pa.R.A.P. 1925(a) opinion:

> On October 12, 2016, 49-year-old James Cawthorn (hereinafter victim) was going to a concert with a friend at the Tower Theater in Upper Darby, Delaware County. Upon arrival at

_____

[*] Former Justice specially assigned to the Superior Court.

[**] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2701, 2705, and 903, respectively.

the venue, his friend began to feel ill and realized his medication was back in his hotel room. Victim's friend took a cab back to their hotel in order to grab his medication while the victim went to grab a soda and slice of pizza and then headed back in the direction of the Theatre [sic]. While innocently walking down the street, the victim was struck from behind in the area of the 500 block of South 69th Street. The next thing the victim recalled was waking up in Lankenau Hospital the following day. Doctors told the victim that he had been robbed and came into the Emergency Room as a "John Doe" patient because he had no wallet or cell phone. The victim came to learn that he had a large hematoma, or bleeding in his brain, and that his left eye socket was broken and the bones in the left side of his face were also broken, all the way to his upper jawbone. As a result of the bleeding, the victim underwent craniotomy surgery the week of Thanksgiving; a drain had to be placed into his skull in order to release the fluids from the surgery. The drain was removed Thanksgiving morning. The procedure required twenty-six stiches.

Trial Court Opinion, 1/23/18, at 1-2 (record citations omitted).

An eyewitness to the assault identified Appellant as the perpetrator and stated that Appellant punched the victim in the back of the head. Surveillance footage obtained from a nearby restaurant showed Appellant and several companions approaching the victim from behind, and Appellant fleeing in the opposite direction. The assault took place out of the camera's field of view. Police found the victim unconscious on the sidewalk with a large lump on his head. The victim testified that he continued to suffer from seizures, short-term memory loss, and inability to drive, live alone, or work to support himself or pay his medical expenses.

A jury found Appellant guilty of the aforementioned offenses (but not guilty of robbery or aggravated assault) after a two day trial. The trial court imposed sentence as set forth above and this timely appeal followed.

- 2 -

Appellant raises a single issue: whether the trial court erred in imposing restitution because the victim's injury was not a direct result of Appellant's criminal act. Appellant's Brief at 5.

A challenge to the trial court's authority to impose restitution is a challenge to the legality of the sentence. *Commonwealth v. Gentry*, 101 A.3d 813, 816 (Pa. Super. 2014). Therefore, our standard of review is *de novo* and our scope of review is plenary. *Id.* at 817. Here, Appellant claims that Section 1106 of the Crimes Code did not authorize restitution because there is not a direct link between the victim's injuries and the crimes for which Appellant was convicted. Section 1106 provides in relevant part: "Upon conviction for any crime wherein property has been stolen [. . .] or **wherein the victim suffered personal injury directly resulting from the crime**, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor." 18 Pa.C.S.A. § 1106(a) (emphasis added).[2]

Instantly, Appellant relies on four cases that he believes support his argument that the victim's injuries were not a direct result of his convictions. First, in *Commonwealth v. Cooper*, 466 A.2d 195 (Pa. Super. 1983), the defendant, whose car struck and killed a 12-year-old boy, pled guilty to leaving the scene of an accident pursuant to 75 Pa.C.S.A. § 3742. The trial

---

[2] We have quoted from the version of § 1106 in effect at the time of Appellant's sentencing. Section 1106 has been amended effective October 24, 2018. 2018 Pa. Laws ____, No. 145, § 1.

court ordered the defendant to make restitution to the victim's family for all costs directly associated with the victim's death. *Id.* at 196. This Court vacated judgment of sentence insofar as it ordered restitution, because the act for which the defendant pled guilty—leaving the scene of an accident—was not directly related to the victim's death. *Id.* at 196-97. The defendant did not admit that he was criminally responsible for the victim's death, nor was he charged with any offense that would have held him criminally responsible for the death. *Id.* at 197.

Appellant also relies on *Commonwealth v. Reed*, 543 A.2d 587 (Pa. Super. 1988), wherein the defendant was convicted of receiving stolen property worth not more than $480.00, but was not charged with the burglary in which the stolen items had been taken. *Id.* at 588-89. The trial court imposed restitution of more than $12,000.00, representing the total loss sustained by the victim of the underlying burglaries. We held the restitution award was improper, as there was no causal connection between the victim's total losses and the small amount of stolen property the defendant received. *Id.* at 589.

In *Commonwealth v. Barger*, 956 A.2d 458 (Pa. Super. 2008) (*en banc*), the victim accused the defendant of raping her. A jury acquitted the defendant of all felony and misdemeanor charges, but the trial court found Appellant guilty of harassment. *Id.* at 460. The trial court also ordered Appellant to pay $600.00 in restitution to the victim to compensate her for

replacing the couch on which the assault allegedly occurred. *Id.* This Court held the restitution portion of the sentence illegal because there was no direct nexus between the harassment conviction (for slapping the victim) and the victim's disposal of the couch. *Id.* at 465.

Finally, in *Commonwealth v. Harner*, 617 A.2d 702 (Pa. 1992), the defendant pled guilty to two counts of interfering with the custody of children. She took her children from their father's custody in Harrisburg, Pennsylvania to Louisiana. *Id.* at 703. The sentencing court ordered her to make restitution for the expenses the father incurred for investigators, legal fees, and travel. *Id.* Our Supreme Court noted that Section 1106 applies only where property is stolen, converted, unlawfully obtained, or where its value is substantially decreased. *Id.* at 705. The defendant was not convicted of any crime that involved stealing or damaging her husband's property, and therefore restitution was improper under Section 1106.[3]

We find each of the foregoing cases inapposite. Instantly, the jury found Appellant guilty of simple assault and REAP. Simple assault occurs where the defendant "attempts to cause or knowingly, intentionally or recklessly causes bodily injury to another." 18 Pa.C.S.A. § 2701(a)(1). In response to an interrogatory, the jury found that the victim suffered serious bodily injury.

---

[3] The Supreme Court found the restitution order supportable as a condition of probation or parole pursuant to 42 Pa.C.S.A. § 9754. *Id.* at 707. Section 9754 is not at issue in the present matter.

Given the facts of record—that Appellant approached the victim from behind and punched him in the back of the head, leaving him unconscious and lying on the sidewalk—there is an obvious direct causal connection between Appellant's simple assault conviction and the victim's injury. Appellant's reliance on **Cooper**, **Reed**, **Barger**, and **Harner** is therefore misplaced.

Moreover, Appellant's acquittal on the robbery and aggravated assault charges does not undermine our conclusion. The acquittal on the more serious charges do not eliminate the direct causal connection between the simple assault conviction and the victim's injuries. Appellant's argument lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/31/18</u>