J-S13011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JERMAINE L. MARTIN | |
| Appellant | No. 1362 MDA 2019 |

Appeal from the Judgment of Sentence Entered May 3, 2019
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0001842-2016

BEFORE:    STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JULY 13, 2020**

Appellant, Jermaine L. Martin, appeals from the May 3, 2019 judgment of sentence imposing seven years of probation and $2,182.00 in restitution to Hertz Corporation ("Hertz") for theft of leased property.[1]  We affirm.

Appellant pled guilty to the aforementioned offense at a May 3, 2019 guilty plea colloquy and sentencing.  He admitted he rented a 2015 Chevrolet Cruze from Hertz and never returned it.  Police eventually recovered the vehicle for Hertz.  The trial court accepted the plea and imposed sentence as set forth above.  At that same proceeding, the trial court imposed sentence at docket number 442 of 2016 ("Number 442"), which is presently on appeal in

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  18 Pa.C.S.A. § 3932(a).

a companion case at 1361 MDA 2019. At Number 442, the trial court imposed restitution of $48,789.76 the Wilson Junior Soccer Club ("WJSC"). In the instant matter, the trial court directed that the WJSC receive priority over Hertz in receiving restitution payments. The trial court denied Appellant's timely post-sentence motion, and this timely appeal followed.

Appellant presents two questions for our review:

> 1. Whether the trial court imposed an illegal sentence when it imposed restitution from an unrelated criminal docket in the instant matter?
>
> 2. Whether the trial court erred by imposing a sentence of seven (7) years probation consecutive to the sentence imposed in [Number 442], when the aforementioned docket has no nexus to the instant docket and when the Commonwealth recommended, and [Appellant] requested, a concurrent sentence.

Appellant's Brief at 8.

The first issue need not detain us long. Appellant asserts, correctly, that an order of restitution must flow directly from damages in the case. The Pennsylvania Crimes Code provides as follows:

> **(a) General rule.--**Upon conviction for any crime wherein:
>
> (1) property of a victim has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime; or
>
> (2) the victim, if an individual, suffered personal injury directly resulting from the crime,
>
> the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

18 Pa.C.S.A. § 1106(a); *see also*, ***Commonwealth v. Harner***, 617 A.2d 702 705 (Pa. 1992) ("holding that § 1106 is applicable only upon conviction for a

crime wherein property has been stolen, converted, unlawfully obtained or its value substantially decreased, or where the victim suffers personal injury directly resulting from a crime."). Furthermore, § 1106(c) provides that the trial court "shall" set priority of payment when it orders restitution to more than one victim at a time. 18 Pa.C.S.A. § 1106(c).

Imposition of restitution without statutory authority implicates the legality of a sentence. *Commonwealth v. Ramos*, 197 A.3d 766, 768 (Pa. Super. 2018). Instantly, the trial court acted exactly in accord with § 1106. Appellant admitted that he leased a car from Hertz and did not return it, and he admitted that Hertz suffered $2182.00 in damages. The trial court ordered restitution in that amount. Contrary to Appellant's argument, the trial court did not impose restitution from an unrelated matter (i.e. Number 442). The trial court referenced Number 442 because it was statutorily required to address priority of payment under § 1106. Thus, the fact that the trial court ordered the WJSC to receive priority of payment over Hertz does not render the sentence illegal.

In his second argument, Appellant claims the trial court abused its sentencing discretion in imposing a seven-year probation term to run consecutive to the sentence at Number 442. In order to preserve a challenge to the trial court's sentencing discretion, an appellant must (1) file a timely post-sentence motion; (2) file a timely notice of appeal; (3) include in his appellate brief at concise statement of the reasons relied upon for allowance

- 3 -

of appeal pursuant to Pa.R.A.P. 2119(f); and (4) present a substantial question for review. ***Commonwealth v. Glass***, 50 A.3d 720, 726 (Pa. Super. 2012), ***appeal denied***, 63 A.3d 774 (Pa. 2013). Appellant has complied with the first three requirements. We therefore must determine whether Appellant raises a substantial question. "A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id.*** at 727.

In his Pa.R.A.P. 2119(f) statement, Appellant claims his sentence in this case was motivated by the facts of Number 442. That is, Appellant claims the trial court based its sentence on conduct other than the conduct at issue in this case. We conclude this argument raises a substantial question. We therefore proceed to the merits.

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

***Commonwealth v. Cook***, 941 A.2d 7, 11–12 (Pa. Super. 2007).

In the argument section of his brief, Appellant claims the trial court abused its discretion in considering the restitution Appellant owed at Number 442. That is, the trial court imposed seven years of probation here, but noted that this sentence could be terminated without further petition to the trial court if Appellant completed his restitution payments prior to the expiration of his sentence at Number 442. N.T. Guilty Plea and Sentencing, 5/3/19, at 24.

We conclude that the record contradicts Appellant's argument. The trial court did not impose a more severe sentence based on the circumstances of Number 442. Rather, the trial court made it possible for Appellant to serve **no sentence at all** in this if he makes full restitution prior to the completion of his sentence at 442. The court had discretion to run this sentence consecutive to Number 441. ***Commonwealth v. Mouzon***, 828 A.2d 1126, 1130 (Pa. 2003). Furthermore, the applicable standard guideline range called for three to twelve months of incarceration. N.T. Guilty Plea and Sentencing, 5/3/19, at 10. Appellant identifies no basis upon which the trial court abused its discretion in imposing a mitigated sentence to run consecutively to the sentence at Number 442.

Based on the foregoing, we conclude that Appellant has not raised any meritorious challenge to his sentence. We therefore affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/13/2020