COMMONWEALTH of Pennsylvania, Appellee

v.

Ruston L. KINNAN, Appellant.

Superior Court of Pennsylvania.

Submitted April 15, 2013.
Filed July 3, 2013.

John M. Ingros, Brookville, for appellant.

Jeffrey D. Burkett, District Attorney, Brookville, for Commonwealth, appellee.

BEFORE: STEVENS, P.J., BOWES and MUSMANNO, JJ.

OPINION BY MUSMANNO, J.:

Ruston L. Kinnan ("Kinnan") appeals from the judgment of sentence imposed after he pled guilty to theft by unlawful taking, 18 Pa.C.S.A. § 3921(a). At issue in this appeal is whether the restitution component imposed as a condition of Kinnan's probation is illegal. Finding that it is, we vacate the judgment of sentence and remand for resentencing.

Prior to the theft in question, Kinnan was an employee of Miller Welding Company ("Miller Welding"), located in Brookville, Pennsylvania. On the evening of April 26, 2012, Casey Belfiore ("Belfiore"), a Miller Welding employee, called the Brookville Police Department to report a suspected theft that he had witnessed earlier that day at the Miller Welding plant ("the plant"). According to Belfiore, he saw Kinnan, who was supposed to have been out on disability leave, rummaging through the plant's garage. Belfiore then saw Kinnan drive away from the plant in a red pick-up truck, with a quantity of metal protruding through the rear window of his truck. Belfiore checked the plant's metal inventory lists and determined that a large quantity of aluminum and other metals was missing from the garage.

Later that day, a police officer investigating the incident arrived at Kinnan's residence and asked Kinnan whether he was involved in the theft. Kinnan denied any involvement. The officer asked Kinnan for permission to look in Kinnan's garage for the stolen metal. The owner of the garage, Kinnan's mother, granted permission and the police located all of the metal taken from the plant. That same day, Miller Welding employees provided the police with documentation listing the pieces of metal taken by Kinnan and the value of each item. The combined value of all of the metal taken was $3,010.41. Notably, the police returned all of the metal that Kinnan had stolen to Miller Welding. Additionally, there is nothing in the record indicating that the metal, or the premises from which it was taken, was damaged in any way.

Following his arrest, Kinnan entered into a negotiated plea agreement with the Commonwealth. Pursuant to the agreement, at sentencing, Kinnan pled guilty to theft by unlawful taking and, in exchange,

received a sentence of one to two years in prison, followed by three years of probation. Importantly, the sentencing court also ordered Kinnan to pay $3,010.41 in restitution to Miller Welding. *See* N.T., 9/19/12, at 6. Kinnan's defense counsel argued to the sentencing court that restitution was inappropriate because the police had recovered all of the stolen metal and returned it, undamaged, to Miller Welding. *Id.* at 7. In response to this argument, the sentencing court stated as follows

> THE COURT: I'm putting it on a rehabilitative condition of his probation because [ ] Kinnan is a habitual criminal. So he can prove to me that after he gets out of the state sentence[,] he's going to abide, you can pay Miller Welding because you were trying to make money for yourself.

*Id.* at 8. Kinnan timely filed a Notice of appeal from the September 19, 2012 Sentencing Order.[1]

On appeal, Kinnan raises the following issue for our review:

> Whether the trial court properly assessed restitution against [Kinnan] (as a condition of probation and not as a direct sentence) where [the] victim did not suffer any loss, direct or indirect, on account of [Kinnan's] actions and where the trial court made no inquiry [regarding] whether [Kinnan] was able to pay restitution as a condition of probation?

Brief for Appellant at 5.

■ Initially, we note that [i]n the context of criminal proceedings, an order of restitution is not simply an award of damages, but, rather, a sentence. An appeal from an order of restitution based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing. The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary.

*Commonwealth v. Stradley*, 50 A.3d 769, 771–72 (Pa.Super.2012) (citations and quotation marks omitted); *see also id.* (stating that because "[the appellant's] claim on appeal challenges the legality of his sentence, its review is not abrogated by the entry of his guilty plea.").

■ Restitution is a creature of statute and, without express legislative direction, a court is powerless to direct a defendant to make restitution as part of his sentence. *Commonwealth v. Harner*, 533 Pa. 14, 617 A.2d 702, 704 (1992). Where that statutory authority exists, however, the imposition of restitution is vested within the sound discretion of the sentencing judge. *Commonwealth v. Keenan*, 853 A.2d 381, 383 (Pa.Super.2004); *see also id.* (stating that "[t]he primary purpose of restitution is rehabilitation of the offender by impressing upon him that his criminal conduct caused the victim's personal injury and that it is his responsibility to repair the injury as far as possible.").

■ In the context of a criminal case, restitution may be imposed either as a direct sentence, 18 Pa.C.S.A. § 1106(a), or as a condition of probation under 42 Pa. C.S.A. § 9754, the statute implicated in the instant case. When imposed as a sentence, the injury to property or person for which restitution is ordered must directly result from the crime. *See* 18 Pa.C.S.A. § 1106(a);[2] *see also Harner*, 617 A.2d at

---

1. The trial court's original sentencing Order failed to indicate that the restitution was ordered as a rehabilitative condition of Kinnan's probation. Accordingly, on December 5, 2012, the trial court issued a "Correction Order" clarifying the omission.

2. Section 1106(a) provides as follows

704. However, when restitution is ordered as a condition of probation, the sentencing court is accorded the latitude to fashion probationary conditions designed to rehabilitate the defendant and provide some measure of redress to the victim. *See* 42 Pa.C.S.A. § 9754;[3] *see also Commonwealth v. Popow,* 844 A.2d 13, 19 (Pa.Super.2004).

■■■ When restitution is imposed as a condition of probation under section 9754, the required nexus between the defendant's criminal conduct and the victim's loss is relaxed. *Commonwealth v. Harriott,* 919 A.2d 234, 238 (Pa.Super.2007). However, there must be at least an indirect connection between the criminal activity and the loss. *Id.* Additionally, "to the extent a sentence of probation is imposed to make restitution for losses caused by the defendant's criminal conduct, there should be proof of the damages suffered." *Commonwealth v. Hall,* 994 A.2d 1141, 1145 n. 3 (Pa.Super.2010) (*en banc*) (citing *Harner,* 617 A.2d at 707). Finally, where a sentencing court imposes restitution as a probationary condition, sub-section 9754(c)(8) obligates the court to determine what loss or damage has been caused and what amount of restitution the defendant can afford to pay. 42 Pa.C.S.A. § 9754(c)(8); *see also Hall,* 994 A.2d at 1145 n. 3.

(a) **General rule.**—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender may be sentenced to make restitution in addition to the punishment prescribed therefor.

18 Pa.C.S.A. § 1106(a).

3. Relevant to the instant case, section 9754 provides as follows

(c) Specific conditions.—The court may as a condition of its order [of probation] require the defendant:

In the instant case, Kinnan contends that the sentencing court lacked the authority to impose restitution as a condition of his probation under section 9754, since

> [i]n the present case[,] there is no loss by the victim, Miller Welding. No damage was sustained to its premises when Kinnan gained entry into the same as an employee[;] all [of] the stolen property was returned and accounted for by Miller Welding[;] and the record contains no indication that any other losses or damages were ever claimed by Miller Welding.

Brief for Appellant at 12. Kinnan's assertions are supported by the record.

■■■ Although Miller Welding was *temporarily* deprived of its property, it suffered no permanent loss as a result of the theft. *See Hall,* 994 A.2d at 1145 n. 3 (stating that "to the extent a sentence of probation is imposed to make restitution for losses caused by the defendant's criminal conduct, there should be proof of the damages suffered."). Further, this Court has stated that "a court may properly impose restitution as a probationary condition if the court is satisfied that the restitution is designed to rehabilitate the defendant and to make some measure of reimbursement to the victim." *Harriott,*

\* \* \*

(8) *To make restitution of the fruits of his crime or to make reparations, in an amount he can afford to pay, for the loss or damage caused thereby.*

\* \* \*

(13) To satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience.

42 Pa.C.S.A. § 9754 (emphasis added).

919 A.2d at 238; *see also Popow*, 844 A.2d at 19. Here, the sentencing court ordered Kinnan to pay $3,010.41 in restitution to Miller Welding as a condition of his probation. However, Miller Welding suffered no loss, and, therefore, the sentencing court's imposition of restitution could not have been designed to reimburse Miller Welding. *See Harriott*, 919 A.2d at 238 (stating that "a court may properly impose restitution as a probationary condition if the court is satisfied that the restitution is designed [(1)] to rehabilitate the defendant[;] *and* [(2)] *to make some measure of reimbursement to the victim*." (emphasis added)). Additionally, Kinnan correctly points out that the sentencing court did not make a finding under 42 Pa.C.S.A. § 9754(c)(8) as to the amount of restitution that he can afford to pay.[4] Brief for Appellant at 12; *see also Hall*, 994 A.2d at 1145 n. 3.

In its Pa.R.A.P. 1925(a) Opinion, the sentencing court explained that its imposition of restitution as a probationary condition was rehabilative in nature and opined that this condition was authorized by 42 Pa.C.S.A. § 9754(c)(13) (providing that, as a condition of probation, a sentencing court may order a defendant "[t]o satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience."). *See* Trial Court Opinion, 12/5/12, at 1. However, after a thorough review of the case law interpreting section 9754, we cannot agree that sub-section 9754(c)(13) authorized the imposition of restitution under the circumstances of this case. There is no appellate case in Pennsylvania upholding a sentencing court's imposition of restitution as a condition of probation under sub-section 9754(c)(13) where, as here, the victim of the crime suffered no permanent loss. Moreover, the sentencing court in this case completely ignored subsection 9754(c)(8), which provision expressly concerns restitution ordered as a condition of probation, and instead relied solely upon the "catch-all" provision in sub-section 9754(c)(13) in imposing restitution.[5]

Based upon the foregoing, we conclude that the sentencing court improperly ordered restitution as a condition of Kinnan's probation under 42 Pa.C.S.A. § 9754. Accordingly, we vacate the illegal judgment of sentence and remand for the sole purpose of resentencing.

Judgment of sentence vacated; case remanded for resentencing in accordance with this Opinion; Superior Court jurisdiction relinquished.

Stevens, P.J., concurs in the result.

---

**4.** The record reveals that Kinnan is indigent and the trial court granted him permission to proceed *in forma pauperis* on appeal.

**5.** *See Commonwealth v. Wilson*, —— Pa. ——, 67 A.3d 736, 744–45 (2013) (holding that the Sentencing Code's catchall and generalized authorization of sentencing courts to impose probation conditions "reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty" does not establish an exception to an explicit statutory restriction).