J-S52006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MATTHEW HEALEY, | |
| Appellant | No. 1431 WDA 2014 |

Appeal from the Judgment of Sentence March 26, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006994-2013

BEFORE:  SHOGAN, OLSON, and WECHT, JJ.

MEMORANDUM BY SHOGAN, J.:              **FILED SEPTEMBER 16, 2015**

Appellant, Matthew Healey, appeals from the judgment of sentence entered on March 26, 2014, in the Allegheny County Court of Common Pleas.  After careful review, we affirm in part, vacate in part, and remand with instructions.

The trial court set forth the relevant facts and procedural history of this matter as follows:

> On January 23, 2014, [Appellant] pled guilty to two counts of theft and two counts of receiving stolen property. As the facts unfolded, [Appellant] was hired to do electrical work at [the victim's] home. He did the work, which was described as "very good" but he also stole jewelry and 2 guns. The value of that jewelry and the firearms equaled $7,000.00. [Guilty Plea Transcript] "GPT", 7. When that representation was made by government counsel, defense counsel voiced no objection to that valuation.  GPT, 7. The Court then signed a form restitution order for $7,000 that same day.  A pre-sentence report ("PSR")

was ordered in anticipation of sentencing. The PSR revealed no information about restitution.

At sentencing on March 26, 2014, both parties … reviewed the PSR. Sentencing Transcript ("ST"), pgs. 3, 5. No one had any additions or corrections regarding restitution. ST, 5-6. The hearing concluded without any discussion or objection about the $7,000 in restitution ordered 2 months earlier.

On April 3, 2014, [Appellant] filed a post-sentence motion with a single focus -- the restitution. He said the Court ordered restitution without the government introducing "any evidence or testimony regarding the specific value of the items stolen." Post-Sentence Motion, ("PSM"), ¶2. (April 3, 2014).

Trial Court Opinion, 12/11/14, at 1-2 (footnotes omitted).[1]

On August 8, 2014, Appellant's post-sentence motion was denied by operation of law,[2] and Appellant filed a timely appeal on September 2, 2014. Both the trial court and Appellant have complied with Pa.R.A.P. 1925.

In this appeal, Appellant raises one issue for this Court's consideration:

Whether the restitution award of $7,000.00, because it is speculative and unsupported by the record, is illegal?

Appellant's Brief at 4.

Our standard of review is as follows:

It is well settled that a challenge to a court's authority to impose restitution is generally considered to be a challenge to the legality of the sentence. A challenge to the legality of a sentence

---

[1] The $7,000.00 in restitution was ordered as a condition of Appellant's probation. Order of Sentence, 3/26/14, at Count 1.

[2] Pa.R.Crim.P. 720(B)(3)(a).

... may be entertained as long as the reviewing court has jurisdiction. It is also well-established that if no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. Issues relating to the legality of a sentence are questions of law; as a result, our standard of review over such questions is *de novo* and our scope of review is plenary.

***Commonwealth v. Gentry***, 101 A.3d 813, 816-817 (Pa. Super. 2014) (internal citations and quotation marks omitted).

Here, the applicable restitution statute provides, in relevant part, as follows:

**§ 1106. Restitution for injuries to person or property**

**(a) General rule.--**Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

**(b) Condition of probation or parole.--**Whenever restitution has been ordered pursuant to subsection (a) and the offender has been placed on probation or parole, his compliance with such order may be made a condition of such probation or parole.

**(c) Mandatory restitution.--**

(1) The court shall order full restitution:

(i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss. The court shall not reduce a restitution award by any amount that the victim has received from the Crime Victim's Compensation Board or other governmental agency but shall order the defendant to pay any

restitution ordered for loss previously compensated by the board to the Crime Victim's Compensation Fund or other designated account when the claim involves a government agency in addition to or in place of the board. The court shall not reduce a restitution award by any amount that the victim has received from an insurance company but shall order the defendant to pay any restitution ordered for loss previously compensated by an insurance company to the insurance company.

\* \* \*

(2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

(i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.

(ii) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.

(iii) Shall not order incarceration of a defendant for failure to pay restitution if the failure results from the offender's inability to pay.

(iv) Shall consider any other preexisting orders imposed on the defendant, including, but not limited to, orders imposed under this title or any other title.

(3) The court may, at any time or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, alter or amend any order of restitution made pursuant to paragraph (2), provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.

(4) (i) It shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered. This recommendation shall be based upon information solicited by the district attorney and received from the victim.

(ii) Where the district attorney has solicited information from the victims as provided in subparagraph (i) and has received no response, the district attorney shall, based on other available information, make a recommendation to the court for restitution.

(iii) The district attorney may, as appropriate, recommend to the court that the restitution order be altered or amended as provided in paragraph (3).

18 Pa.C.S. § 1106 (a), (b), and (c).

Additionally:

Restitution is a creature of statute and, without express legislative direction, a court is powerless to direct a defendant to make restitution as part of his sentence. ***Commonwealth v. Harner***, 533 Pa. 14, 617 A.2d 702, 704 (1992). Where that statutory authority exists, however, the imposition of restitution

- 5 -

is vested within the sound discretion of the sentencing judge. ***Commonwealth v. Keenan***, 853 A.2d 381, 383 (Pa.Super.2004); ***see also id.*** (stating that "[t]he primary purpose of restitution is rehabilitation of the offender by impressing upon him that his criminal conduct caused the victim's personal injury and that it is his responsibility to repair the injury as far as possible.").

***Commonwealth v. Kinnan***, 71 A.3d 983, 986 (Pa. Super. 2013).

In a criminal case, restitution may be imposed either as a direct sentence, 18 Pa.C.S. § 1106(a), or as a condition of probation under 42 Pa.C.S. § 9754. When imposed as a sentence, the injury to property or person for which restitution is ordered must directly result from the crime, but when restitution is ordered as a condition of probation, as it was in the instant case, the sentencing court has discretion to fashion probationary conditions designed to rehabilitate the defendant and provide some measure of redress to the victim. ***Kinnan***, 71 A.3d at 986-987. "When restitution is imposed as a condition of probation under [42 Pa.C.S. §] 9754, the required nexus between the defendant's criminal conduct and the victim's loss is relaxed." ***Id***. (citation omitted). "However, there must be at least an indirect connection between the criminal activity and the loss." ***Id***. (citation omitted). "[T]o the extent a sentence of probation is imposed to make restitution for losses caused by the defendant's criminal conduct, there should be proof of the damages suffered." ***Id***. (citation omitted). Finally, where the sentencing court imposes restitution as a condition of probation, the trial court is required to determine what loss or damage has been caused

and what amount of restitution the defendant can afford to pay. *Id*. at 987 (citing 42 Pa.C.S. § 9754(c)(8)).

In the case at bar, Appellant argues that the Commonwealth failed to meet its burden. Appellant avers that "at both the guilty plea and sentencing hearings, the Commonwealth produced **_no_** testimony or other evidence whatsoever detailing the nature of the jewelry and firearms that [Appellant] had stolen. . . . [T]he award of restitution is speculative and unsupported by the record; it is illegal and must be vacated." Appellant's Brief at 11 (emphasis in original). After review, we are constrained to agree with Appellant that the Commonwealth failed to provide any evidence that supports restitution in any dollar amount.

While restitution was made a condition of Appellant's probation, and therefore, the nexus between Appellant's theft and the victim's loss is relaxed, there still must be proof of damages and consideration of Appellant's ability to pay. *Kinnan*, 71 A.3d at 986-987; 42 Pa.C.S. § 9754(c)(8). Here, the restitution form baldly states that the items stolen had a value of $7,000.00; the record also reveals that certain of the stolen items were recovered. Restitution Order, 1/23/14; Complaint, 5/6/13, at 2; and N.T. (Sentencing), 3/26/14, at 9. There is nothing in the record that reflects the value of the items taken, the value or condition of the items recovered, or how the trial court arrived at $7,000.00. Additionally, and

importantly, there was no evaluation of Appellant's ability to pay. ***Kinnan***, 71 A.3d at 987 (citing 42 Pa.C.S. § 9754(c)(8)).

For these reasons, we conclude that the restitution order of $7,000.00 is unsupported by the record resulting in an illegal sentence of restitution.[3] ***Gentry***, 101 A.3d at 819. Accordingly, we vacate the judgment of sentence insofar as it pertains to restitution, and we remand for a hearing at which the trial court shall determine the loss suffered by the victim, what amount of restitution, if any, is appropriate, and Appellant's ability to pay. ***Commonwealth v. Atanasio***, 997 A.2d 1181, 1184 (Pa. Super. 2010); 18 Pa.C.S. § 1106; and 42 Pa.C.S. § 9754(c)(8). Appellant's judgment is affirmed in all other aspects.

Judgment of sentence affirmed in part and vacated in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2015

---

[3] We note that the Commonwealth and the trial court state that Appellant was aware that $7,000.00 was the claimed amount of restitution, and Appellant did not object. Commonwealth's Brief at 9; Trial Court Opinion, 12/11/14, at 3-4. However, we find this point of no moment – a criminal defendant cannot agree to an illegal sentence. ***Gentry***, 101 A.3d at 819.

- 8 -