J-S11039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
ANTHONY C. MOLITERNO, :
:
Appellant : No. 1242 EDA 2015

Appeal from the Judgment of Sentence February 5, 2015
in the Court of Common Pleas of Pike County,
Criminal Division, No(s): CP-52-CR-0000618-2014

BEFORE: FORD ELLIOTT, P.J.E., OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED APRIL 07, 2016**

Anthony C. Moliterno ("Moliterno") appeals from the judgment of

sentence imposed following his guilty plea to one count of theft by

deception. *See* 18 Pa.C.S.A. § 3922(a)(1). We affirm.

Moliterno was charged with two counts of theft by deception based

upon allegations that he fraudulently obtained two gift cards from Wal-Mart

in the amounts of $975.00 and $750.00. Moliterno entered into a

negotiated guilty plea wherein he would plead guilty to one count of theft by

deception, the sentence imposed would be in the standard range, and he

would agree to pay restitution on both counts. Thereafter, the trial court

sentenced Moliterno to twelve months minus one day to thirty-six months in

prison, ordered him to pay a fine of $500.00, and pay restitution to Wal-Mart

in the amount of $1,713.00. Moliterno filed a timely Post-Sentence Motion,

claiming, *inter alia*, that the amount of restitution was not supported by the

record. After a hearing, the trial court denied the Motion. Moliterno filed a timely Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement.

On appeal, Moliterno raises the following question for our review: "Whether the trial court erred and abused its discretion by failing to modify its February 5, 2015 Sentencing Order to reflect that the total restitution [Moliterno] owed to Wal-Mart is $1,057.00[?]" Brief for Appellant at 6.

> [I]n the context of criminal proceedings, an order of restitution is not simply an award of damages, but, rather, a sentence. An appeal from an order of restitution based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing. The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary.

*Commonwealth v. Kinnan*, 71 A.3d 983, 986 (Pa. Super. 2013) (citation omitted).[1]

Restitution, as part of a defendant's sentence, is authorized by 18 Pa.C.S.A. § 1106, which provides, in relevant part, as follows:

> **(a) General rule.--**Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to

---

[1] Generally, upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and the legality of the sentence imposed. *See Commonwealth v. Stradley*, 50 A.3d 769, 771–72 (Pa. Super. 2012) (stating that because "[the appellant's] claim on appeal challenges the legality of his sentence, [the] review [of the claim] is not abrogated by the entry of his guilty plea.").

make restitution in addition to the punishment prescribed therefor.

\* \* \*

**(c) Mandatory restitution.**

\* \* \*

**(2)** At the time of sentencing[,] the court shall specify the amount and method of restitution.  In determining the amount and method of restitution, the court:

**(i)** Shall consider the extent of injury suffered by the victim, the victim's request for restitution … and such other matters as it deems appropriate.

\* \* \*

[**(3)**]**(i)** It shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered. This recommendation shall be based upon information solicited by the district attorney and received from the victim.

18 Pa.C.S.A. § 1106.

Moliterno contends that the trial court's imposition of restitution was illegal, as Wal-Mart only suffered a loss of $1,057.00.  Brief for Appellant at 9.  Moliterno argues that the Commonwealth failed to present any evidence to support the restitution award of $1,713.00.  **Id**. at 9, 10; **see also id**. at 10 (asserting that the Commonwealth simply relied upon Wal-Mart's statement that it was owed $1,713.00 in restitution).  Moliterno claims that while he did take two gift cards, he charged only $1,057.00 on one of the

cards,[2] but did not use the card containing $750.00. *Id*. at 10. Moliterno argues that because he never used one of the cards, Wal-Mart did not suffer any losses. *Id*. According to Moliterno, the fact that he agreed to pay $1,713.00 as part of his guilty plea is irrelevant because the court could not impose an illegal sentence. *Id*. at 10-11.

Here, as part of his guilty plea colloquy, Moliterno agreed to plead guilty to one count of theft by deception in exchange for a standard range sentence and agreeing to pay restitution on both counts of theft by deception. *See* Written Guilty Plea Colloquy, 12/12/14, at 1. Moliterno admitted to the factual bases of the crimes he committed, including obtaining, through deception, two gift cards with values of $975.00 and $750.00, respectively. *Id*. at 4. At sentencing, the Commonwealth stated that the victim sought restitution in the amount of $1,713.00. N.T., 2/5/15, at 8; *see also* 18 Pa.C.S.A. § 1106(c)(3)(i). After the trial court imposed restitution in the amount of $1,713.00, Moliterno filed a Post-Sentence Motion arguing, *inter alia*, that the restitution was not supported by the record. Post-Sentence Motion, 2/17/15, at 2 (unnumbered). Following a hearing on the Motion, the trial court indicated that it provided Moliterno an additional seven days to present any information to support his claims, but that Moliterno presented no evidence in support thereof. *See* Trial Court Opinion, 6/16/15, at 4. The trial court subsequently denied the Motion.

---

[2] Moliterno does not explain how he charged $1,057.00 on a gift card that contained $975.00.

Here, based upon a review of the evidence of record, the trial court did not err in imposing restitution in the amount of $1,713.00. *See id*. However, even assuming *arguendo* that the amount of Moliterno's restitution is illegal, Moliterno expressly agreed to pay restitution on both counts as part of his negotiated plea agreement with the Commonwealth. *See Commonwealth v. Byrne*, 833 A.2d 729, 736 (Pa. Super. 2003) (where the defendant had expressly waived his statutory right to credit for time served as part of his guilty plea agreement, stating that "[w]e are aware of no authority that provides an impediment to a defendant's express, knowing, and voluntary waiver of a statutory right if that waiver is key in obtaining a bargained-for exchange from the Commonwealth.") (citing, *inter alia*, *Peretz v. U.S.*, 501 U.S. 923, 936 (1991) (stating that "[t]he most basic rights of criminal defendants are … subject to waiver.")); *see also Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011) (noting that a person is bound by the statements he makes during a plea colloquy); *Byrne*, 833 A.2d at 735 (stating that where an appellant seeks to avoid the enforcement of a term in a negotiated guilty plea agreement, such an avoidance "would undermine the designs and goals of plea bargaining, and would make a sham of the negotiated plea process."). Accordingly, we discern no abuse of discretion by the court in sentencing Moliterno because he agreed to pay restitution on both counts as part of obtaining a bargained-

for exchange with the Commonwealth. Thus, he is not entitled to relief on his legality of sentence challenge.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2016