J-S13042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC J. ALEXIS | : | |
| | : | |
| Appellant | : | No. 1650 MDA 2019 |

Appeal from the Judgment of Sentence Entered September 20, 2019
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0000229-2019

BEFORE:  STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED MARCH 27, 2020**

Eric J. Alexis (Alexis) appeals from the judgment of sentence imposed by the Court of Common Pleas of Lackawanna County (trial court) after his bench conviction of violating Accidents Involving Damage to Attended Vehicle or Property, 75 Pa.C.S. § 3743(a).[1]  After our careful review, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Section 3743(a) provides:

> **(a) General rule.**—The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property which is driven or attended by any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information

We take the following factual background and procedural history from the trial court's November 26, 2019 opinion and our independent review of the record.

**I.**

On September 6, 2018, Alexis backed his vehicle out of his driveway and into traffic, striking the vehicle driven by Caitlyn Addley (Addley). Addley testified that immediately thereafter, when she saw Alexis driving away, she pulled into an alley to check her car for any damage and discovered that the passenger side back bumper had a dent. Addley did not immediately call police because she had to attend her college class and she reported the accident to the Blakely police two to three hours later. (*See* N.T. Trial, 6/10/19, at 12, 25).

The investigating officer, Officer Anthony Marcado, testified that he was dispatched to the scene where the accident had occurred and he met with Addley nearby. He testified that he observed damage on Addley's car. Addley advised him that Alexis's car was parked at his home. When the officer went to the residence, he observed light damage to the rear driver's side bumper on the car parked in the driveway. Officer Marcado testified that Alexis was

and render aid). Every stop shall be made without obstructing traffic more than is necessary.

75 Pa.C.S. § 3743(a).

not at home at the time, so he asked Alexis's wife to advise Alexis to call him that day to give the relevant information. Approximately a week-and-a-half later, Alexis contacted Officer Marcado, provided him with the requested information, and advised him that he had not called the police after the accident because he did not think it was necessary where he saw no damage to his vehicle.

Alexis testified that the cars "tapped" each other and that, when he saw Addley's car pulling away, he returned to his driveway to check his car, which had only suffered a scratch. He and his wife testified that they stood on their porch for a few minutes to see if someone would come back, but no one did. Contrary to Officer Marcado's testimony, they testified that both of them spoke with the officer the same day, several hours later.

The parties stipulated that there was an accident and that there was damage to Addley's car's rear quarter panel. Addley's counsel provided evidence that the damage estimate was $1,008.70. (**See id.** at 20).

At the conclusion of trial, the trial court convicted Alexis of one count of failure to stop at the scene of an accident involving damage to an attended vehicle, 75 Pa.C.S. § 3743(a).[2] On September 20, 2019, the trial court sentenced him to nine months of probation and ordered him to pay $1,008.70

---

[2] The Commonwealth withdrew a charge of Operating Vehicle Without Required Financial Responsibility, 75 Pa.C.S. § 1786(f), because Alexis did not own the car he was driving on the date of the incident.

in restitution as a condition of probation. It denied Alexis's motion for reconsideration of sentence and he timely appealed. Both he and the trial court have complied with Rule 1925. *See* Pa.R.A.P. 1925.

## II.

On appeal, Alexis challenges the court's imposition of the restitution for the damages to Addley's vehicle as an error of law because there was no direct connection between his failure to stop at the scene of the accident and the damages to her vehicle without a determination that he was at fault and, without that determination, did not serve a rehabilitative purpose to so order.

## A.

Restitution awards for property crimes are mandatory pursuant to 18 Pa.C.S. § 1106, which provides, in relevant part, as follows:

> (a) **General rule.**—Upon conviction for any crime wherein property has been stolen, converted, or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime ... the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.
>
> *      *      *
>
> (c) **Mandatory restitution.**—
>
> (1) The court shall order full restitution:
>
> (i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss.
>
> (2) At the time of sentencing[,] the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

(i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.

18 Pa.C.S. § 1106. Restitution is imposed as a direct sentence, a direct causal connection between the damage to property, and the crime must exist. *Commonwealth v. Harriott*, 919 A.2d 234, 237–38 (Pa. Super. 2007).

However, restitution may also be imposed as a condition of probation pursuant to 42 Pa.C.S. § 9754, which provides, in relevant part, as follows:

(a) **General rule**.—In imposing an order of probation[,] the court shall specify at the time of sentencing[,] the length of any term during which the defendant is to be supervised, which term may not exceed the maximum term for which the defendant could be confined, and the authority that shall conduct the supervision.

(b) **Conditions generally**.—The court shall attach such of the reasonable conditions authorized by subsection (c) of this section as it deems necessary to [e]nsure or assist the defendant in leading a law-abiding life.

(c) **Specific conditions**.—The court may as a condition of its order require the defendant:

\* \* \*

(8) To make restitution of the fruits of his crime or to make reparations, in an amount he can afford to pay, for the loss or damage caused thereby.

When restitution is imposed as a condition of probation, the requirement of a nexus between the defendant's criminal conduct and the victim's loss is relaxed. *Harriott*, 919 A.2d at 238; *see Commonwealth v. Harner*, 617 A.2d 702, 707 (Pa. 1992) ("[T]the practice of ordering restitution or reparation

- 5 -

as such a condition is widely established and highly favored in the law, as an aid both to the criminal in achieving rehabilitation and to his victim in obtaining some measure of redress.") (citation omitted).  "Additionally, to the extent a sentence of probation is imposed to make restitution for losses caused by the defendant's criminal conduct, there should be proof of the damages suffered. Finally, where a sentencing court imposes restitution as a probationary condition, sub-section 9754(c)(8) obligates the court to determine what loss or damage has been caused and what amount of restitution the defendant can afford to pay." *Commonwealth v. Kinnan*, 71 A.3d 983, 986-87 (Pa. Super. 2013) (citation omitted).

Here, in spite of noting that the court originally expressed an intention to impose restitution as a part of his sentence, Alexis concedes that, in fact, "the trial court ordered restitution as part of probation."  (Alexis's Brief, at 14).  After observing that Alexis had a "consistent pattern" of motor vehicle violations "that has stretched over a number of years," the court pointed out that "a little bit more respect for the law is certainly appropriate."  (N.T. Sentencing, 9/20/19, at 5).  It then imposed nine months of probation, the conditions of which included a prohibition on consuming drugs or alcohol, random drug and alcohol testing, 50 hours of community service, and restitution in the total amount of $1,008.70, to be paid in $50 monthly increments.  (*See id.* at 4-6).

**B.**

Because the record clearly reflects that the trial court imposed restitution as a condition of probation, Alexis's issue challenges the discretionary aspects of sentence. *See Commonwealth v. Fenton*, 750 A.2d 863, 867 n.4 (Pa. Super. 2000) ("[C]hallenge to conditions of probation challenges discretionary aspects of sentencing.") (citation omitted). "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa. Super. 2018), *appeal denied*, 206 A.3d 1029 (Pa. 2019) (citation omitted).

To be allowed to appeal, a defendant challenging the discretionary aspects of sentencing must satisfy a four-part test to determine whether: "(1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review." *Id.* (citation omitted). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Nevels*, 203 A.3d 229, 246 (Pa. Super. 2019) (citation omitted).

Here, Alexis has complied with the first three prongs of the four-part test, *i.e.*, he raised this argument at sentencing and in a post-sentence motion, filed a timely notice of appeal, and set forth a Rule 2119(f) statement in his brief. Further, his claim that the order of restitution is not supported by the record raises a substantial question. (**See** Alexis's Brief, at 10-11); **Commonwealth v. Pappas**, 845 A.2d 829, 842 (Pa. Super. 2004) (substantial question raised where appellant argued restitution not supported by record). Because he has raised a substantial question, we will consider the merits of Alexis's discretionary aspects of sentence claim.[3]

In **Harner**, our Supreme Court explained that:

> [T]he practice of ordering restitution or reparation as [] a condition [of probation] is . . . encouraged and give[s] the trial court the flexibility to determine all the direct and indirect damages caused by a defendant and then permit the court to order restitution so that the defendant will understand the egregiousness of his conduct, be deterred from repeating this conduct, and be encouraged to live in a responsible way.

617 A.2d at 706-07. (citations omitted*).*

---

[3] "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." **Commonwealth v. Antidorm**i, 84 A.3d 736, 760 (Pa. Super. 2014), **appeal denied**, 95 A.3d 275 (Pa. 2014) (citation omitted).

As acknowledged by Alexis, "where restitution is imposed as a condition of probation, the required nexus is relaxed and [] and an 'indirect connection between the criminal activity and the loss is sufficient.'" (Alexis's Brief, at 14) (citing **Commonwealth v. Nuse**, 976 A.2d 1191, 1993 (Pa. Super. 2013)); **see also Kinnan**, **supra** at 986-87. However, Alexis argues that there is not even an indirect nexus between his criminal conduct and the restitution because he was only charged with and found guilty of violating Section 3743 by leaving the scene of the accident, not an offense that he was responsible for the damages to Addley's car. Because who caused the accident was not addressed in the criminal trial, the purpose of restitution would not be served.

What that argument ignores is that the restitution imposed as a condition of probation does not require that Alexis caused the underlying accident. The restitution amount imposed was related to it and the restitution's purpose is to deter Alexis from engaging in the criminal conduct of leaving the scene again. Further, the requirement that a person not leave the scene of an accident is not modified by a requirement that a certain amount of damage be incurred, only that if an accident occurs, an individual involved in the situation must stay at the scene to provide driver information to the police. **See** 75 Pa.C.S. § 3743. That is especially so when the car involved is not insured.

Neither are we persuaded by Alexis's allegation that he cannot be held indirectly liable because, unlike in **Nuse**, his criminal act occurred after the

accident, not before it. The criminal act of leaving the scene of the accident was necessarily related to there being an accident in the first place. Again, the court's discretion in awarding restitution as a condition of probation is to deter Alexis from any other driving-related criminal conduct. There is no temporal requirement about when the related criminal conduct must have occurred.

Accordingly, based on all of the foregoing, as well as because the restitution amount ordered by the trial court was the same as the quote for Addley's damage repair admitted at trial and in the Pre-Sentence Investigation Report, the trial court did not abuse its discretion in ordering restitution as a condition of probation.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/27/2020