J-A23023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GUY E. HART | : | |
| | : | |
| Appellant | : | No. 1260 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 29, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006627-2015

BEFORE:   KUNSELMAN, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED OCTOBER 4, 2021**

Appellant Guy Hart appeals from the judgment of sentence imposed for his violation of probation (VOP).  Appellant challenges the discretionary aspects of his sentence.  Because we conclude that the trial court imposed an illegal sentence, we vacate the judgment of sentence and remand for resentencing.

We state the facts and procedural history as set forth by the trial court:

On September 22, 2015, Appellant . . . tendered a fully negotiated guilty plea to one count of aggravated assault and one count of robbery . . . . [P]ursuant to the negotiation, Appellant was sentenced to [two] concurrent term[s] of eleven and one-half (11½) to twenty-three (23) months of county supervised incarceration followed by [two concurrent terms of] three (3) years of reporting probation with rehabilitative conditions.  Th[e trial c]ourt fully advised Appellant of those restorative conditions which included: payment of [$7,182 in] restitution to the victim

---

[*] Retired Senior Judge assigned to the Superior Court.

for his incurred medical bills;[1] submission to dual diagnosis evaluation addressing his reported intertwined mental health difficulties and narcotics addictions; compliance with recommended treatment . . . . Appellant was required to report as directed and follow the rules of the assigned probation officer from the Mental Health Unit of the County of Philadelphia Adult Probation and Parole Department.

[Appellant was paroled from state custody on or about June 12, 2017.[2]] . . . [O]n or about July 13, 2017, th[e trial c]ourt was

---

[1] Appellant agreed to the amount of restitution as part of his negotiated guilty plea. **See** Written Guilty Plea Colloquy, 9/22/15, at 1. The trial court imposed restitution as a condition of Appellant's probation. **See** Order, 9/22/15, at 1. The certified record does not indicate whether the trial court considered Appellant's ability to pay the agreed upon restitution when it originally sentenced Appellant pursuant to his negotiated guilty plea.

At the time Appellant pleaded guilty, our case law did not require the trial court to hold an ability to pay hearing when the defendant agreed to pay restitution as part of a negotiated guilty plea. **See Commonwealth v. Gardner**, 632 A.2d 556, 556-57 (Pa. Super. 1993). Since then, our Supreme Court has overturned **Gardner**. **See Commonwealth v. Ford**, 217 A.3d 824 (Pa. 2019). In **Ford**, the trial court imposed non-mandatory fines on several counts pursuant to a negotiated plea agreement, but the trial court did not hold an ability to pay hearing as required by 42 Pa.C.S. § 9726(c). **See id.** at 827-28. The **Ford** Court rejected the rationale of **Gardner**, holding that "a defendant's mere agreement to pay a fine is not, *ipso facto*, evidence that he is able to pay it." **Id.** at 830. The **Ford** Court reversed the defendant's guilty plea and sentence and remanded for further proceedings. **Id.** at 831.

[2] The trial court paroled Appellant from Philadelphia County custody on June 7, 2016. Order, 6/7/16. Appellant was subsequently transferred to a state correctional institution to finish serving a sentence for an unrelated conviction, and he was paroled from state custody on June 12, 2017. N.T. VOP Hr'g, 12/13/18, at 7-8; N.T. VOP Sentencing Hr'g, 3/29/19, at 5. At the time Appellant was paroled from state custody, he had completely served his term of eleven-and-a-half to twenty months' incarceration and was serving his term of three years' probation in this matter. N.T. VOP Hr'g at 8. Because Appellant was serving his term of three years' probation, and had completed his parole at the time the trial court revoked his probation at the VOP hearing, this Court's recent decision in **Commonwealth v. Simmons**, --- A.3d ---, 2021
*(Footnote Continued Next Page)*

notified by the assigned probation officer that Appellant had violated multiple terms and conditions of the order of sentence and had absconded from supervision entirely. Th[e trial c]ourt issued a bench warrant in response. Wanted cards had also been issued through the probation department. [On June 27, 2018, Appellant was detained on both state and county probation warrants.[3]] . . . [A]n evidentiary violation hearing was held before th[e trial c]ourt on December 18, 2018. Following this evidentiary hearing, during which Appellant was fully represented, th[e trial c]ourt reasonably determined that Appellant had significantly violated the terms and conditions of his supervision and revoked his . . . probation. . . . [4]

Presentence [(PSI)] and mental health evaluations were ordered . . . .

Trial Ct. Op., 12/9/19, at 2-3 (footnote omitted and some formatting altered).

The trial court conducted a sentencing hearing on March 29, 2019. The trial court heard from a social service advocate, Appellant, Appellant's counsel, and the Commonwealth. N.T. VOP Sentencing Hr'g, 3/29/19, at 8-23. The social service advocate testified that the state parole agent recommended that Appellant be released to a halfway house capable of treating individuals with dual diagnosis needs. *Id.* at 11. Appellant testified that while he was in Pittsburgh, he was employed at two different grocery stores. *Id.* at 16-17. Appellant also testified he was employed in the prison warehouse since he was incarcerated on the probation warrants. *Id.* at 20-21. Appellant also

PA Super 166, 2021 WL 3641859 (Pa. Super. filed Aug. 18, 2021) (*en banc*), is not applicable to the facts of this case.

[3] N.T. VOP Sentencing Hr'g at 5.

[4] At the VOP hearing, Appellant's counsel conceded that Appellant had violated the terms of his probation. N.T. VOP Hr'g at 9.

discussed his history of mental health problems. *Id.* at 18-19. The Commonwealth recommended a new term of probation. *Id.* at 13.

The trial court noted that, according to the PSI, Appellant abused the drug K2 and admitted to using it to avoid detection in drug tests. *Id.* at 25. Furthermore, the trial court considered Appellant's prior criminal history and that the instant offenses were violent crimes. *Id.* at 23-24, 28-29. The trial court found Appellant's explanations for absconding from supervision partially incredible. *Id.* at 27. The trial court agreed with the treatment recommendations in the mental health evaluation. *Id.* at 28-29. The trial court concluded:

> [w]hile you're [sic] violation of this court's sentence is deemed technical in nature it is reflective that probation supervision does not comport with protection of the public and your risk for recidivism which is great in this court's estimate and it is not appropriate at this point in time.
>
> I think you are also at a great risk of future absconding. It is noted that you took off very quickly after you were paroled. Basically you thumbed your nose at this court and there are consequences to that.

*Id.* at 30.

The trial court sentenced Appellant to an aggregate term of four to eight years' imprisonment followed by five years' probation. *Id.* at 32-33. The trial court imposed several conditions on Appellant's term of probation, including a dual diagnosis evaluation, compliance with all recommendations of that evaluation, and recommended treatment with Joseph J. Peters Institute for Appellant's past trauma. *Id.* at 30-32; *see also* Order, 3/29/19, at 1-2. The

trial court also reimposed as a condition of his probation in the VOP sentence that Appellant pay restitution to the victim in the amount of $7,182. N.T. VOP Sentencing Hr'g at 31; **see also** Order, 3/29/19, at 1-2. The trial court did not consider Appellant's ability to pay before reimposing restitution as a condition of probation in the VOP sentence.

Appellant filed a timely post-sentence motion seeking reconsideration of his sentence. Appellant then timely appealed.[5] Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement, and the trial court filed a Rule 1925(a) opinion.

Appellant raises the following question on appeal:

Was not the sentence of four to eight years [of incarceration] followed by five years['] probation, which the revocation court

---

[5] The trial court states in its opinion that it denied Appellant's post-sentence motion seeking reconsideration of his sentence. Trial Ct. Op. at 3. An order denying Appellant's post-sentence motion does not appear on the trial court docket or in the certified record. As a post-sentence motion following a VOP proceeding does not toll the appeal period, the trial court's denial of this motion does not affect the finality of judgment of sentence. **See** Pa.R.Crim.P. 708(E).

We add that Appellant apparently filed two notices of appeal, one that is time-stamped on April 29, 2019, and one that lacks a time-stamp entirely. However, the trial court docket indicates the notices were filed on April 30, 2019 and May 1, 2019 respectively.

Generally, a notice of appeal must be filed within thirty days of the entry of the order from which the appeal is taken. **See** Pa.R.A.P. 903(a). The appeal period runs from the date the sentence is imposed in open court. **See** Pa.R.A.P. 108(d)(2). The trial court imposed the instant sentence on March 29, 2019, and the thirtieth day from that date was Sunday, April 28, 2019. Therefore, Appellant's notice of appeal, which was time-stamped on the following Monday, April 29, 2019, was timely filed. **See** Pa.R.A.P. 905(a)(3); 1 Pa.C.S. § 1908.

imposed for a technical violation, manifestly excessive and unreasonable in that the revocation court imposed a sentence which (1) was grossly disproportionate to Appellant's violating conduct; (2) did not adequately consider Appellant's rehabilitative needs; and (3) far surpassed what was required to protect the public?

Appellant's Brief at 3.

Appellant argues that the trial court "imposed a manifestly excessive sentence that was contrary to fundamental norms that underlie the sentencing process." *Id.* at 10. Specifically, in his first sub-issue, Appellant contends that the sentence is disproportionate to his technical violation of probation, especially where he presented mitigating reasons for his actions. *Id.* at 16-18. Appellant further claims the trial court did not adequately explain its reasons for imposing the VOP sentence. *Id.* at 19-20. Appellant additionally argues that the sentence is excessive when compared to the Resentencing Guidelines, 204 Pa. Code § 307.3. *Id.* at 18-19. However, Appellant concedes that these Resentencing Guidelines were not in effect at the time of his VOP sentencing hearing. *Id.* at 19.

In his second sub-issue, Appellant argues that the trial court failed to take into account his rehabilitative needs, specifically his need for mental health, drug and trauma-related treatment. *Id.* at 22-23. Further, Appellant claims that the trial court ignored the probation officer's recommendation that Appellant be returned to a halfway house capable of treating individuals with dual diagnosis needs. *Id.* at 23.

In his third sub-issue, Appellant argues that the trial court imposed a

sentence far in excess of what was necessary to protect the public. *Id.* at 24-26. According to Appellant, the trial court erred when it "seemed to exclusively focus on the seriousness of the underlying crime for which [Appellant] was initially placed on probation rather than taking into consideration any mitigation." *Id.* at 25-26.

The Commonwealth responds that the trial court did not abuse its discretion in sentencing Appellant to four to eight years' incarceration after Appellant absconded from supervision for nearly a year. Commonwealth's Brief at 7-15. The Commonwealth noted that Appellant failed to pay restitution ordered as part of his original sentence. *Id.* at 9, 11-12.

The trial court explained that it sentenced Appellant to four to eight years' incarceration followed by five years' probation because his conduct while on probation demonstrated that probation was in ineffective tool for supervision and rehabilitation and the trial court concluded that Appellant was at high risk for recidivism. Trial Ct. Op. at 8-9. The trial court noted that Appellant's sentence following revocation was not illegal because it was within the statutory maximum for the offenses to which Appellant had pleaded guilty. *Id.* at 12-13. The trial court did not discuss whether it considered Appellant's ability to pay before reimposing restitution as a condition of Appellant's probation.

We begin by considering the legality of Appellant's sentence, which we may address *sua sponte*. **See Commonwealth v. Muhammed**, 219 A.3d 1207, 1212 (Pa. Super. 2019); **see also Commonwealth v. Wright**, 116

A.3d 133, 136 (Pa. Super. 2015) (stating that "in an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed" (citation omitted)).  The sentencing court's authority to order restitution implicates the legality of sentence.  ***See, e.g.***, ***Commonwealth v. Hall***, 80 A.3d 1204, 1211-12 (Pa. 2013); ***Commonwealth v. Whatley***, 221 A.3d 651, 653 (Pa. Super. 2019).

Our standard of review of the legality of a sentence is *de novo* and our scope of review is plenary.  ***Muhammed***, 219 A.3d at 1211.  "An illegal sentence must be vacated."  ***Id.*** (citation omitted and formatting altered).

Courts may impose restitution either as a direct sentence or as a condition of probation.  ***Whatley***, 221 A.3d at 653-54.  This Court has explained:

> As a direct sentence, restitution is authorized by 18 Pa.C.S.[] § 1106, which mandates that courts shall sentence offenders to make restitution in certain cases of injury to persons or property.  ***See*** 18 Pa.C.S.[] § 1106(a).  Such restitution is limited to direct victims of the crime and requires a direct nexus between the loss and the amount of restitution.
>
> However, when restitution is imposed as a condition of probation pursuant to section 9754,[6] its purpose is to rehabilitate the

---

[6] At the time the trial court sentenced Appellant, 42 Pa.C.S. § 9754(c) was in effect.  Subsequently, the General Assembly amended and moved the section titled "conditions of probation" from 42 Pa.C.S. § 9754(c) to 42 Pa.C.S. § 9763(b) (eff. Dec. 18, 2019).  Therefore, to the extent prior decisions discuss Section 9754, it does not affect our analysis here.

defendant and provide some redress to the victim. Under section 9754, the sentencing court is given the flexibility to fashion the condition to rehabilitate the defendant. Therefore, the requirement of a nexus between the loss and amount of restitution is relaxed. Notably, restitution imposed under section 9754 also is unique in that it requires a court to explicitly consider a defendant's ability to pay.

Pennsylvania courts have consistently held that a determination of a defendant's ability to pay is an integral requirement of imposing restitution as a condition of probation. . . . [I]n **Commonwealth v. Kinnan**, 71 A.3d 983 (Pa. Super. 2013), this Court stated: "[w]here a sentencing court imposes restitution as a probationary condition, sub-section 9754(c)(8) obligates the court to determine what loss or damage has been caused and what amount of restitution the defendant can afford to pay." [**Kinnan**, 71 A.3d] at 987.

Accordingly, where a sentencing court fails to consider a defendant's ability to pay prior to imposing restitution as a probationary condition, the order of restitution constitutes an illegal sentence. **See Kinnan**, 71 A.3d at 988.

**Id.** (some citations and quotation marks omitted); **see also** 42 Pa.C.S. § 9763(c)(8) (effective through Dec. 17, 2019) (stating as a condition of probation, the sentencing court may order a defendant "[t]o make restitution of the fruits of his crime or to make reparations, in an amount he can afford to pay, for the loss or damage caused thereby").

Here, the sentencing order reflects that the trial court reimposed restitution as a condition of Appellant's probation. **See** N.T. VOP Sentencing Hr'g at 31; **see also** Order, 3/29/19, at 1-2. However, there is no indication that the trial court considered Appellant's ability to pay before reimposing restitution. **See** N.T. VOP Sentencing Hr'g at 23-31; **see also** Trial Ct. Op. at 7-8. For these reasons, the VOP sentence is illegal. **See Whatley**, 221 A.3d

at 654 (stating that the court must "explicitly consider a defendant's ability to pay" before imposing restitution as a probation condition); *see also Kinnan*, 71 A.3d at 988; 42 Pa.C.S. § 9763(b)(10).[7] Therefore, we must vacate the VOP sentence and remand for resentencing.[8] *See Muhammed*, 219 A.3d at 1211.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

---

[7] "Pennsylvania appellate courts apply the law in effect at the time of the appellate decision. This means that we adhere to the principle that, a party whose case is pending on direct appeal is entitled to the benefit of changes in law which occur before the judgment becomes final." *Commonwealth v. Chesney*, 196 A.3d 253, 257 (Pa. Super. 2018) (citations omitted and formatting altered).

[8] In light of our disposition, we decline to address Appellant's claims challenging the discretionary aspects of his sentence. *See Muhammed*, 219 A.3d at 1215.

We add that Appellant also seeks reassignment of this matter to a different judge upon remand for resentencing because he alleges that the trial court was biased against him. *See* Appellant's Brief at 26-29. Appellant did not request recusal in his post-sentence motion, nor did he allege judicial bias in his Rule 1925(b) statement. Therefore, this claim is waived. *See Commonwealth. v. Tainan*, 734 A.2d 886, 888 (Pa. Super. 1999) (holding that where no request for recusal was made to the trial court, the issue was waived on appeal); *see also* Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/4/2021</u>