J-S18030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXANDER JAMES PEYTON | : | |
| | : | |
| Appellant | : | No. 995 WDA 2024 |

Appeal from the Judgment of Sentence Entered March 27, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001062-2023

BEFORE:   DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED:  September 30, 2025**

Appellant Alexander James Peyton appeals from the judgment of sentence imposed after he pled guilty to attempted murder, aggravated assault causing serious bodily injury, robbery, aggravated assault with a deadly weapon, possessing an instrument of crime (PIC), drivers required to be licensed, accidents involving damage to attended vehicle or property, and careless driving.[1]  On appeal, Appellant challenges the discretionary aspects of his sentence and the restitution imposed at sentencing.  After careful review, we vacate Appellant's judgment of sentence in part and remand for further proceedings consistent with this memorandum.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 901(a), 2702(a)(1), 3701(a)(1)(ii), 2702(a)(4), 907(b); 75 Pa.C.S. §§ 1501(a), 3743(a), and 3714(a), respectively.

The trial court summarized the facts of the case as follows:

Appellant shot the victim as a result of a road rage incident. Appellant pulled out a gun and demanded that the victim give Appellant his phone with the very reasonable presumption that he wanted the phone so that [the victim] could not provide evidence to the authorities about Appellant's Motor Vehicle [Code] violations. He then shot [the victim] in the face/neck area and left him to die.

Trial Ct. Op., 11/20/24, at 5 (some formatting altered).

Appellant pled guilty to the above charges on January 16, 2024. At the plea hearing, Appellant was represented by Tyler Lindquist, Esq. (Plea Counsel). On March 27, 2024, the trial court imposed an aggregate sentence of fifteen to fifty years' incarceration. Specifically, the trial court sentenced Appellant to 140 to 480 months' incarceration for attempted murder,[2] 40 to 120 months' incarceration for robbery, 16 to 60 months' incarceration for

---

[2] There is a discrepancy between the trial court opinion, sentencing order, and notes of testimony from the sentencing hearing regarding Appellant's maximum term for attempted murder. The trial court opinion states that the trial court imposed a maximum term of 280 months for this charge. **See** Trial Ct. Op. at 4. However, the sentencing order and notes of testimony from the hearing reflect that the maximum term was 480 months. **See** Sentencing Order, 3/27/24, at 1 (unpaginated); N.T. Sentencing Hr'g, 3/27/24, at 42. Ultimately, the text of the sentencing order determines Appellant's sentence. **See Commonwealth v. Borrin**, 80 A.3d 1219, 1226 (Pa. 2013) (plurality) (explaining that "the text of the sentencing order, and not the statements a trial court makes about a defendant's sentence, is determinative of the court's sentencing intentions and the sentence imposed" (citations omitted)). We note that both terms are within the statutory limit for this offense. **See** 18 Pa.C.S. § 1102(c) (stating a person convicted of attempted murder where serious bodily injury results "may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years").

aggravated assault with a deadly weapon, and 3 to 12 months' incarceration for PIC.[3]  The trial court imposed Appellant's sentence for robbery to run consecutive to his sentence for attempted murder but ordered that Appellant's sentences for aggravated assault with a deadly weapon and PIC to run concurrent to Appellant's attempted murder sentence.

On April 3, 2024, while still represented by Plea Counsel, Appellant filed a *pro se* post-sentence motion.[4]  On April 9, 2024, Plea Counsel filed a motion to reconsider sentence on behalf of Appellant.[5]  On May 24, 2024, the trial court denied Appellant's post-sentence motion.

_____

[3] The trial court did not sentence Appellant on aggravated assault causing serious bodily injury because it merged with attempted murder.  **See** Trial Ct. Op. at 4.  Additionally, the trial court only imposed court costs, fines, and surcharges on the counts of drivers required to be licensed, accidents involving damage to attended vehicle or property, and careless driving.  **See id.**

[4] Because Appellant was represented by counsel, this filing was a legal nullity. **See Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007).

[5] Appellant's post-sentence motions were due by April 6, 2024, which was ten days after he was sentenced on March 27, 2024,  However, April 6, 2024 fell on a Saturday and the Erie County Court of Common Pleas was closed on the following Monday, April 8, 2024, due to the 2024 total solar eclipse.  **See** Erie Co. Admin., *Some Erie County Buildings to Be Closed April 8 Due to Eclipse Visitors Impact*,  https://eriecountypa.gov/wp-content/uploads/2025/03/3-27-Eclipse-Info.pdf.  Accordingly, the next business day was April 9, 2024. Therefore, Appellant's post-sentence motion was timely filed.  **See** Pa.R.J.A. 107(b) (stating "[w]henever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation").

On June 17, 2024, the trial court received a letter from Appellant alleging Plea Counsel's ineffectiveness and requesting that Plea Counsel withdraw. The trial court scheduled a *Grazier*[6] hearing, which was subsequently held on July 11, 2024. After the hearing, the trial court issued an order removing Plea Counsel from his representation of Appellant. The next day, the trial court appointed the Office of the Erie County Public Defender to represent Appellant on appeal as long as Appellant qualified financially for the office's services. Jessica Fiscus, Esq. (Appellate Counsel), from the Erie County Public Defender's Office, entered her appearance on July 18, 2024. On August 2, 2024, the trial court amended its July 11, 2024 order *sua sponte* to "expressly reinstate [Appellant's] right to file a counseled direct appeal" and directed Appellate Counsel to "file a notice of appeal within 30 days" of the order.[7] Trial Ct. Order, 8/2/24.

Appellant filed a notice of appeal on August 12, 2024. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents two issues for our review:

1. Did the trial court commit an abuse of discretion when it imposed a manifestly excessive sentence of fifteen to fifty

---

[6] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

[7] We note that, in the absence of a PCRA petition, it was improper for the trial court to *sua sponte* reinstate a defendant's appellate rights *nunc pro tunc*. *See Commonwealth v. Turner*, 73 A.3d 1283, 1285 n.2 (Pa. Super. 2013); *see also Commonwealth v. Rosario*, 5 EDA 2020, 2021 WL 2395904, at *4 (Pa. Super. filed June 8, 2021) (unpublished mem.). *See* Pa.R.A.P. 126(b) (stating this Court may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).

years' imprisonment where the trial court failed to consider certain mitigating factors, specifically, Appellant's reasons for taking the actions he did following the commission of the crime?

2. Did the trial court impose an illegal sentence when it ordered Appellant to pay restitution to [the victim] for his attorney fees as such an award is not authorized by statute?

Appellant's Brief at 9 (some formatting altered).

Before reaching the merits of Appellant's claims, we must first address whether we have jurisdiction. *See Commonwealth v. Burks*, 102 A.3d 497, 500 (Pa. Super. 2014) (noting that "[t]his Court can raise the matter *sua sponte*, as the issue is one of jurisdiction to entertain the appeal" (citation omitted)). "In order to perfect a timely appeal, a defendant must file a notice of appeal within 30 days of the imposition of his sentence, unless he files a timely post-sentence motion within 10 days of sentencing, thereby tolling that 30–day window." *Commonwealth v. Leatherby*, 116 A.3d 73, 78 (Pa. Super. 2015) (citations omitted). When a defendant files a timely post-sentence motion, a notice of appeal must be filed within thirty days of the order deciding the motion, the order denying the motion by operation of law, or the order memorializing the withdraw of the motion in cases where the defendant withdraws the motion. *See* Pa.R.Crim.P. 720(A)(2).

"Generally, an appellate court cannot extend the time for filing an appeal." *Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007) (citations omitted). However, this Court may decline to quash an appeal where there is "breakdown in the processes of the court." *Id.* (citations

omitted). A breakdown occurs when the trial court does not comply with Pa.R.Crim.P. 720 by failing to advise a defendant of the time he has to appeal in the court's denial of the defendant's post-sentence motion. *Id.* at 499; *see also Commonwealth v. Lehman*, 379 WDA 2021, 2022 WL 366881, at *2 (Pa. Super. filed Feb. 8, 2022) (unpublished mem.). Additionally, a breakdown occurs when the trial court's delay in appointing counsel results in an untimely notice of appeal. *See Commonwealth v. Smith*, 2061 EDA 2024, 2025 WL 658341, at *1 n.1 (Pa. Super. filed Feb. 27, 2025) (unpublished mem.).

Here, as stated above, Appellant filed a timely post-sentence motion on April 9, 2024. On May 24, 2024, the trial court denied Appellant's post-sentence motion. Appellant did not file a notice of appeal until August 12, 2024, nearly three months later. Ordinarily, this would result in the quashal of Appellant's appeal. *See Patterson*, 940 A.2d at 498.

However, the record reflects that on June 17, 2024, the trial court received two letters from Appellant in which he alleged ineffective assistance of counsel and requested an update on the status of his post-sentence motion. In response, the trial court scheduled a *Grazier* hearing, which it ultimately held on July 11, 2024. At the conclusion of that hearing, the trial court found, among other things, that Appellant had not received the order denying his post-sentence motion and that Appellant would be appointed new counsel

should he qualify financially.[8]  **See** Trial Ct. Order, 7/11/24; Trial Ct. Order, 7/12/24.  Counsel did not enter her appearance until July 18, 2024.  As stated above, the trial court then erroneously *sua sponte* reinstated Appellant's direct appeal rights *nunc pro tunc*.  Under these circumstances, where Appellant was not properly served with the order denying his post-sentence motion and there was delay in appointing new counsel for Appellant, we find a breakdown in the processes of the court that excuses Appellant's untimely notice of appeal and decline to quash his appeal.  **See Patterson**, 940 A.2d at 498-99; **Lehman**, 2022 WL 366881, at *2; **Smith**, 2025 WL 658341, at *1 n.1.  Accordingly, we address Appellant's claims on the merits.

### Discretionary Sentencing Claim

Appellant's first issue implicates the discretionary aspects of his sentence.  **See** Appellant Brief at 9, 20.  Specifically, Appellant claims that the trial court "committed an abuse of discretion when it imposed a manifestly excessive sentence of fifteen to fifty years' imprisonment" without considering Appellant's reasons for his actions after the commission of the crime.  **Id.** at 20.  Appellant argues that the Commonwealth "argued strenuously that Appellant's actions after the shooting evinced his desire to cover-up his actions and to evade detection from the police" and that he was not able to rebut this

---

[8] A review of the record confirms that Appellant was not served with the order denying his post-sentence motion.  **See** Order, 5/24/24.  Instead, only counsel was served with the order.  **See id.**  At the conclusion of the hearing, the court noted that it "accept[ed] [Appellant's] statements about the lack of communication between himself and counsel since the time of the sentencing proceeding."  **See** Trial Ct. Order, 7/11/24.

argument at sentencing and that "the trial court denied the post-sentence motion without ever hearing [his] explanation." **Id.**

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Derry**, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

**Commonwealth v. Corley**, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." **Commonwealth v. Malovich**, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); **see also** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Battles**, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question

exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record reflects that Appellant filed a timely post-sentence motion, a court-ordered Rule 1925(b) statement, and included a Rule 2119(f) statement in his brief. *See Corley*, 31 A.3d at 296. Further, we have already addressed Appellant's failure to file a timely notice of appeal and determined that the untimely notice was the result of a breakdown in the trial court's processes. Finally, we conclude that Appellant's argument raises a substantial question. *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (providing that a claim that a sentence was excessive in conjunction with an assertion that the court failed to consider mitigating factors raises a substantial question).

> Our well-settled standard of review is as follows:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

**Raven**, 97 A.3d at 1253-54 (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on [the] victim and community, and [the] rehabilitative needs of the defendant[.]" **Commonwealth v. Fullin**, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). "A sentencing court need not undertake a lengthy discourse for its

reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." **Commonwealth v. Schutzues**, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted).

Additionally, the trial court must consider the applicable sentencing guidelines. **Fullin**, 892 A.2d at 848. However, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Edwards**, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered); **see also Commonwealth v. Antidormi**, 84 A.3d 736, 761 (Pa. Super. 2014) (providing that where the trial court has the benefit of a PSI report, we shall presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors).

The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. **See Commonwealth v. Kurtz**, 294 A.3d 509, 536 (Pa. Super. 2023), *appeal granted on other grounds*, 306 A.3d 1287 (Pa. 2023). In conducting appellate review, this Court "cannot reweigh sentencing factors and impose judgment in place of sentencing court where lower court was fully aware of all mitigating factors[.]" **Id.** (citation omitted).

Finally, this court has previously observed that:

The purpose of a motion for reconsideration or modification of sentence is to afford the sentencing court the opportunity to correct any errors that may have occurred at sentencing prior to appellate review. A sentencing court has the authority to receive additional evidence upon a motion for reconsideration, but the court is not required to afford the defendant a second opportunity to present evidence not related to any alleged error occurring at a prior proceeding. Where the sentencing procedure has been properly conducted, it is within the court's discretion whether to receive additional evidence or rely on the sentencing record.

*Commonwealth v. Lekka*, 210 A.3d 343, 354 (Pa. Super. 2019) (citations and quotation marks omitted).

The trial court explained its sentence as follows:

The minimum sentence of 15 years resulted from the imposition of 140 months as a minimum sentence for the Criminal Attempt to Commit Homicide and the minimum sentence of 40 months imposed consecutively for Count 3 – Robbery. It should first be noted that both minimum sentences were within the standard range of the applicable sentencing guidelines.

The factual basis of each of those convictions and the resulting sentences can be summarized as follows: Appellant shot the victim as a result of a road rage incident. Appellant pulled out a gun and demanded that the victim give Appellant his phone with the very reasonable presumption that he wanted the phone so that [the victim] could not provide evidence to the authorities about Appellant's Motor Vehicle [Code] violations. He then shot [the victim] in the face/neck area and left him to die.

Therefore, those specific circumstances justified the imposition of consecutive sentences because the acts constituted very serious and separate offenses. Appellant did not provide any acceptable explanation for his actions during the incident or his attempts to conceal his actions afterwards. Therefore, there was no reasonable basis for concurrent sentences for those offenses.

Trial Ct. Op. at 5 (some formatting altered).

After review, we discern no abuse of discretion. The court explicitly considered the applicable sentencing guidelines. N.T. Sentencing Hr'g at 13. As the trial court noted, Appellant's sentences were all within the standard range of the applicable sentencing guidelines.[9] ***See Raven***, 97 A.3d at 1253-54. The trial court was also informed by the PSI. ***See*** N.T. Sentencing Hr'g at 12; ***see also Edwards***, 194 A.3d at 638. The trial court explicitly considered Appellant's letter to the court as well as letters submitted on behalf of Appellant. ***See*** N.T. Sentencing Hr'g at 12-13. Additionally, the trial court considered Appellant's acceptance of responsibility by pleading guilty and his remorse, which it credited as genuine. ***See id.*** at 22-23, 39. The court considered the nature and circumstances of the offense and the history and characteristics of Appellant. ***See id.*** at 38-41. Finally, the court explicitly considered the factors set out in 42 Pa.C.S. § 9721(b). ***See id.*** at 40-42.

Appellant specifically argues that the sentencing court did not consider the reasons for his actions after the shooting. However, during the sentencing hearing, Appellant failed to explain the reasons for his actions to the sentencing court during his allocution. ***See id.*** at 20-21. Additionally, counsel made no argument about these reasons at sentencing. ***See id.*** at 14-22. Appellant does not argue that the sentencing court erred by not considering something he presented during the sentencing hearing. ***See*** Appellant's Brief at 22-23 (conceding that the information Appellant wished to present was "not

---

[9] Further, Appellant does not contest that his sentences were within the guideline ranges. ***See*** Appellant's Brief at 16-18.

previously addressed by him or his counsel at the sentencing"). Finally, Appellant contends that he was not provided the opportunity to respond to the Commonwealth's argument that Appellant's actions after the shooting "evinced his desire to cover-up his actions and to evade detection from the police." *Id.* at 20. However, this contention is belied by the record. *See* N.T. Sentencing Hr'g at 46 (reflecting that the sentencing court asked counsel if he wished to present anything else to the court, to which counsel responded "no").

Since the sentencing court "is not required to afford the defendant a second opportunity to present evidence not related to any alleged error occurring at a prior proceeding" and the sentencing proceeding was properly conducted, we discern no abuse of discretion by the trial court. *See Lekka*, 210 A.3d at 354 (citation omitted). The trial court was within its discretion to rely on the record of the sentencing hearing. *See id.* Accordingly, no relief is due on this claim.

### Restitution Claim

Appellant next claims that the sentencing court lacked the authority to impose restitution for the victim's attorneys' fees because 18 Pa.C.S. § 1106 does not authorize restitution for attorneys' fees. Appellant's Brief at 9, 23-26.

"[A] challenge to the sentencing court's authority to order restitution raises a non-waivable legality of sentencing issue." *Commonwealth v. Weir*, 239 A.3d 25, 37 (Pa. 2020). A challenge to the legality of the sentence

- 14 -

"presents a pure question of law. As such, our scope of review is plenary and our standard of review *de novo*." **Commonwealth v. Wright**, 276 A.3d 821, 827 (Pa. Super. 2022) (citations omitted and formatting altered).

Section 1106 of the Crimes Code provides in relevant part:

Upon conviction for any crime wherein

(1) property of a victim has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime; or

(2) the victim, if an individual, suffered personal injury directly resulting from the crime,

the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

18 Pa.C.S. § 1106(a). Additionally, the sentencing court is required to "specify the amount and method of restitution" at the time of sentencing. **Id.** at § 1106(c)(2). The sentencing court "[m]ay order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just." **Id.** at § 1106(c)(2)(ii). We have previously stated that a sentencing court's failure to specify the amount and method of restitution at the time of sentencing "results in an illegal sentence" because restitution was not properly included in the sentence and, as such, the defendant was not provided "with certainty as to his sentence[.]" **Commonwealth v. Royal**, 312 A.3d 317, 325 (Pa. Super. 2024) (citations omitted and formatting altered).

Our Supreme Court has held that "restitution is a creature of statute and, without express legislative direction, a court is powerless to direct a defendant to make restitution as part of a sentence." **Commonwealth v.**

- 15 -

***Harner***, 617 A.2d 702, 704 (Pa. 1992) (citation omitted). Additionally, "attorneys' fees are recoverable from an adverse party to a cause only when provided for by statute, or when clearly agreed to by the parties." ***Id.*** at 706 n.2 (citations omitted). "Since [18 Pa.C.S. § 1106] makes no specific provision for the award of counsel fees, . . . an award of attorneys' fees under this statute would be inappropriate." ***Id.***

Here, the sentencing court ordered Appellant to pay a total of $19,522.56 in restitution to the victim but failed to specify the method of payment. ***See*** Sentencing Order at 2 (unpaginated); N.T. Sentencing Hr'g at 42. Because the court never specified the payment schedule of the restitution, Appellant's sentence is illegal. ***See Royal***, 312 A.3d at 325.

Additionally, as part of the total restitution, the trial court ordered Appellant to pay attorneys' fees to the victim, which were "necessitated by his disability." ***See*** N.T. Sentencing Hr'g at 11, 42; ***see also*** Restitution Claim Form, 3/6/24, at 2 (unpaginated). The victim sought a total of $3,250 for "legal fees to deal with being incapacitated [in] March [and] April 2023." Restitution Claim Form, 3/6/24, at 2 (unpaginated). However, because 18 Pa.C.S. § 1106 does not explicitly authorize the award of attorney's fees as restitution, the sentencing court erred in ordering Appellant to pay the $3,250 in attorneys' fees. ***See Harner***, 617 A.2d at 706 n.2.

For these reasons, we affirm the judgment of sentence in part and vacate the judgment of sentence as to restitution only. We remand for resentencing limited to the reimposition of restitution. At the resentencing

hearing, the sentencing court shall remove the $3,250 of attorneys' fees from the total amount of restitution ordered and ensure it makes an on-the-record specification as to the method of payment.

Judgement of sentence affirmed in part and vacated in part. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 9/30/2025